F. J. WILSON V. STATE.

No. 25,964. November 5, 1952.

Hon. Alan R. Fraser, Judge Presiding.

Bill Snow, Big Lake, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is swindling; the punishment, five years.

Our able state's attorney has confessed error herein.

Appellant was indicted, tried, convicted, and sentenced on the same day. He plead guilty before the court without the intervention of a jury and without the benefit of counsel.

The learned trial court apparently did not familiarize himself with the terms of Article 10a, C. C. P., which provides in part as follows: "Provided, that before a defendant who has no attorney can agree to waive a jury, the court *must* appoint an attorney to represent him."

In Hernandez v. State, 138 Tex. Cr. Rep. 4, 133 S. W. 2d 584, in discussing the above quoted portion of the act, we said:

"This provision of the statute seems to be mandatory, and

before a person charged with a felony can waive the valuable right of a trial by jury, provided he has no attorney representing him, we hold that it is the duty of the trial court to appoint one for him. Such an appointment should have been made by the trial court."

The trial court should have granted appellant's motion for new trial.

The judgment is reversed and the cause remanded.