EX PARTE JAMES R. KELLEY

No. 27,569. April 6, 1955

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On October 24, 1951, relator waived the right of trial by jury before the court in each of eight cases pending against him in the Criminal District Court of Harris County, Texas, and numbered upon the docket of that court as 65,292 to 65,299, inclusive. In five of the cases the offense charged against appellant was that of forgery and in three, that of passing forged instrument.

Upon that plea, the trial court assessed relator's punishment at five years' confinement in the penitentiary in each case. In passing sentence upon that judgment, the punishment in each case succeeding the first was expressly made to run cumulative with the punishment in the next preceding case. The total punishment thus assessed against relator by the eight judgments and sentences was forty years in the penitentiary.

Relator is now serving the sentences thus imposed in the penitentiary of this state.

By writ of habeas corpus to this court he seeks his discharge from custody under each and all of said sentences, insisting that the judgment of conviction in each case was void because he had no attorney representing him in these cases and the trial court did not appoint an attorney to represent him.

The record before us sustains relator's allegations of fact— that is, that he waived trial by jury and, by and with the consent of state's counsel, pleaded guilty before the court, with no attorney of his own choosing representing him, nor was an attorney appointed by the court to do so.

One of the rights that an accused cannot waive is the right of trial by jury. Art. 1, Sec. 15, Constitution; Art. 10, Vernon's C.C.P.

That right, however, does not apply when the offense charged is an ordinary felony and the accused enters a plea of guilty. In such cases the accused may enter a plea of guilty provided he is represented by counsel of his own choosing or by appointment of the court. Art. 10a, Vernon's C.C.P.; Kemp v. State, 159 Texas Cr. R. 110, 261 S.W. 2d 573.

It has been the repeated holding of this court that the provision touching representation by counsel is mandatory and that noncompliance therewith renders the conviction void. Wilson v. State, 157 Texas Cr. R. 642, 252 S.W. 2d 197; Hernandez v. State, 138 Texas Cr. R. 4, 133 S.W. 2d 584; Ex parte Rawlins, 158 Texas Cr. R. 877, 255 S.W. 2d 877.

It is apparent, therefore, that relator is being held in custody under and by void judgments of conviction.

Accordingly, the writ of habeas corpus and the relief prayed for therein are granted and relator is ordered discharged from further custody under each and all of the judgments heretofore described. The relator, however, will be delivered to the sheriff of Harris County to answer the accusations for which the purported convictions were had.