## Ex parte Robert STROTHER.

### No. 38282.

Court of Criminal Appeals of Texas.

Oct. 27, 1965.

Rehearing Denied Dec. 1, 1965.

Clyde W. Woody, John P. Farra, Houston, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

This is a habeas corpus proceeding filed originally in the 3rd Judicial District Court of Houston County where petitioner alleged that two convictions by which he is confined are void. Following a hearing before that court, a writ of habeas corpus was issued returnable to this court. For the purpose of further developing the facts relative to one of these convictions, the Judge of the 26th Judicial District Court of Williamson County was directed to hold a hearing.

Records of the Houston County and Williamson County proceedings are before this court, and reveal that on November 2, 1943, petitioner was convicted of assault with intent to murder and, having previously been convicted of two felonies less than capital, sentenced to life imprisonment. Less than a month later, in McLennan County petitioner was sentenced to 60 years following his conviction for robbery by assault. Both causes were tried without a jury upon a plea of guilty. We shall first consider the Williamson County conviction.

Petitioner alleges that he was not represented by counsel at the time he waived trial by jury, and that his conviction is there-

fore void, citing Article 10a, Vernon's Ann. C.C.P., which provides, in part, " * * * that before a defendant who has no attorney can agree to waive a jury, the Court must appoint an attorney to represent him."

It is undisputed that counsel was appointed for petitioner on November 2, 1943. To substantiate his allegation that he waived his right to a jury trial prior to that date, petitioner relies upon a document in the record entitled "Defendant's Application for Consent of Attorney Representing State to Waive Jury Trial." This instrument dated November 1—one day prior to the date of appointment of counsel—is signed by petitioner and states:

> "It is my desire to enter a plea of guilty and waive the right of a trial by a jury in the above entitled and numbered cause. I hereby request your consent and approval in waiving the right of trial by jury."

It is well settled that the provisions of Article 10a are mandatory, and failure of the trial court to appoint counsel for petitioner prior to accepting his waiver for trial by jury would be reversible error. Ex parte Prestridge, Tex.Cr.App., 373 S.W.2d 494; Ex parte Williams, 169 Tex.Cr.R. 565, 336 S.W.2d 429; Ex parte Washington, 168 Tex.Cr.R. 366, 328 S.W.2d 188. The document relied upon by relator, however, was not a waiver of the right to trial by jury, but rather, as its title indicates, was a request that the prosecutor give his consent to such a waiver and was notification to the court and the prosecution that it was the intention of the applicant to waive such right at the proper time.

The judgment recites that counsel for petitioner was appointed prior to the time petitioner waived the right to trial by jury. This is corroborated by the trial court's docket sheet, which bears the following entry:

> "11–2–43. C. O. Lansberry appointed to represent Defendant. Defendant waived jury and pled guilty before the court to the offense of Assault with Intent to Murder with Malice, and it appearing to the Court that the Defendant has previously been convicted of two felonies less than capital, his punishment is assessed at imprisonment for life in the penitentiary * * *."

It appears from the record that all requirements of law for the waiving of the right to trial by jury were satisfied in the trial court, and that petitioner was represented by counsel at the time he waived that right.

Notwithstanding the evidence showing appointment of counsel, petitioner contends that he was not represented by counsel during the trial, and also alleges that there was no evidence introduced at his trial to sustain his conviction. The record from the Williamson County hearing reveals that these contentions are without merit.

The conclusion that petitioner is lawfully restrained under sentence from Williamson County precludes us from considering the validity of other convictions. Ex parte Rios, Tex.Civ.App., 385 S.W.2d 677; Ex parte Isom, 168 Tex.Cr.R. 434, 331 S.W.2d 753; Ex parte Herring, 156 Tex.Cr.R. 624, 245 S.W.2d 705.

This Court is not authorized to enter a declaratory judgment but only to inquire into the legality of the confinement or restraint of the prisoner. Ex parte Herring, 160 Tex.Cr.R. 357, 271 S.W.2d 657.

From the record it appears that if the attack on the validity of the McLennan County conviction was upheld, the relator would not be eligible for discharge. Ex parte Timberlake, 160 Tex.Cr.R. 127, 267 S.W.2d 408.

The application for writ of habeas corpus is denied.