### Ex parte Raymond BURNS.

### No. 42143.

Court of Criminal Appeals of Texas.

May 21, 1969.

Joe Cannon, Groesbeck, for petitioner.

Holloway Martin, County Atty., Groesbeck, Crawford C. Martin, Atty. Gen., Robert C. Flowers and Dunklin Sullivan, Asst. Attys. Gen., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is a habeas corpus proceeding brought under the provisions of Art. 11.07, Vernon's Ann.C.C.P., and the opinion in Ex parte Young, Tex.Cr.App., 418 S.W. 2d 824, seeking petitioner's release from a ninety-nine year conviction for robbery by assault. There was no appeal from said conviction.

A hearing was held on September 25, 1968, before the Honorable Clarence Ferguson, District Judge, and a record of the same was certified to this Court.

The record reveals that petitioner was convicted on October 21, 1947, in the 77th Judicial District Court in Limestone County and given a ninety-nine year sentence for robbery by assault. The record further reveals that the petitioner waived his right to trial by jury and entered a plea of guilty before the court.

The judgment of conviction is attacked as void because of the failure of the trial court to appoint counsel to represent the petitioner upon the trial of the case.

At the conclusion of the hearing on this application for writ of habeas corpus, Judge Ferguson found that the "petitioner did not have assistance of counsel during any stage of the proceedings against him."

Article 1.13, Vernon's Ann.C.C.P. (1965) (Art. 10a, V.A.C.C.P., 1925), provides that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him. This provision is mandatory and applies whether the defendant is indigent or not. Ex parte Washington, 168 Tex. Cr.R. 366, 328 S.W.2d 188; Ex parte Williams, 169 Tex.Cr.R. 565, 336 S.W.2d 429; Ex parte Prestridge, Tex.Cr.App., 373 S.W.2d 494; Ex parte Higginbotham, Tex.Cr.App., 382 S.W.2d 927.

Therefore, the application for writ of habeas corpus is granted, and the petitioner is ordered released from the Department of Corrections under his conviction in Cause No. 4125–A, in the District Court of Limestone County and delivered to the Sheriff of Limestone County to answer the indictment pending against him in said cause.

It is so ordered.

DOUGLAS, J., not participating.