**Ex parte Steven Jerald McCAIN,
Appellant.**

No. 1727–00.

Court of Criminal Appeals of Texas.

Jan. 9, 2002.

---

**2.** *Hutch v. State,* 922 S.W.2d 166, 172–173 (Tex.Crim.App.1996) (plurality opinion).

Andrew W. Lucas, Meridian, for appellant.

Dan V. Dent, DA, Hillsboro, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER, and HERVEY, JJ., joined.

In this case, appellant argues that, because he was not appointed an attorney before he made his oral and written agreement to waive a jury trial, his voluntary guilty plea is void and therefore

cognizable on a writ of habeas corpus.[1] We conclude that the violation of a procedural statute, even a "mandatory" statute, is not cognizable on a writ of habeas corpus. Although article 1.13(c) of the Texas Code of Criminal Procedure[2] states that the trial court "must" appoint an attorney to represent a felony defendant before he may waive a jury trial, this statutory provision does not embody a constitutional or fundamental right. Because habeas relief under article 11.07 is available only for jurisdictional defects and violations of certain fundamental or constitutional rights, appellant's claim is not cognizable on a writ of habeas corpus.

Therefore, we affirm the Tenth Court of Appeals and uphold the trial court, both of which denied appellant habeas relief. *McCain v. State*, 24 S.W.3d 565 (Tex.App.-Waco 2000).

## I.

Appellant, a 17 year-old, was charged with the felony offense of indecency with a child by exposure. The victim was his niece, with whom he lived. Appellant appeared in court *pro se* on June 11, 1999, and waived his rights to be charged by grand jury indictment, to representation by counsel, to trial by jury, and to confront and cross-examine witnesses.[3] Appellant entered a plea of "no contest" and the trial judge sentenced him to six years in prison, probated for six years per his plea agreement with the State. Appellant did not appeal.

On September 27, 1999, just two-and-a-half months later, the State filed a petition to revoke appellant's probation. Appellant was arrested, jailed and appointed an attorney to represent him. Before the trial court heard the motion to revoke probation, appellant filed an application for a writ of habeas corpus, seeking relief from his original plea. He contended that he was denied counsel in violation of article 1.13(c) and the Sixth Amendment to the United States Constitution. The trial

---

1. We granted appellant's sole ground for review to address the following argument:

 The Court of Appeals erred in failing to find and hold that the Trial Court erred by failing to appoint an attorney to represent Petitioner prior to his waiver of jury trial in a felony case. The Trial Court ignored the plain, clear, unambiguous and mandatory language of Article 1.13(c) which requires the Court to appoint an attorney to represent a defendant charged with a felony prior to his agreement to waive jury trial. Such error by the Trial Court renders the conviction void and Petitioner may challenge a void conviction at any stage in the criminal proceedings.

2. Article 1.13(c) of the Code of Criminal Procedure provides as follows:

 A defendant may agree to waive a jury trial regardless of whether the defendant is represented by an attorney at the time of making the waiver, but before a defendant charged with a felony who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

3. The able trial judge questioned appellant extensively on the record to assure himself that appellant was fully aware of and appreciated each and every right he was waiving. The appellant also signed all appropriate written waivers. When appellant told the court that he was 17 and had a tenth grade education, the trial judge asked whether appellant had any prior experience with attorneys. Appellant replied that, as a juvenile, he did have such experience. Nonetheless, the trial judge repeated and further explained each of appellant's constitutional rights. The Tenth Court of Appeals concluded that the record of the trial court's inquiry into appellant's desire to waive his constitutional rights and enter a plea of guilty was "exemplary."

 Furthermore, there is nothing in this record to show that appellant was "hurried" to enter a plea by either the judge or prosecutor or that the judge "willfully" violated article 1.13(c).

court issued the writ and, after considering the pleadings and arguments of counsel,[4] denied relief, finding that appellant's waiver of his right to counsel and of his right to a jury trial were valid. Appellant appealed from that order, and the court of appeals affirmed, finding appellant's complaint waived by the *Helms* rule.[5]

We deny appellant relief because his claim—the violation of a statute—is simply not cognizable on a writ of habeas corpus.

## II.

■■■ A writ of habeas corpus is available only for relief from jurisdictional defects[6] and violations of constitutional or fundamental rights.[7] A felony defendant clearly does have a constitutional right to have an attorney represent him. But a defendant who has intelligently and voluntarily waived that right to counsel does not have a separate constitutional right to the appointment of counsel before deciding whether to waive his right to a jury trial in a felony case.

In what appellant notes is the most recent case from this Court to discuss the article 1.13(c) right to the appointment of an attorney before waiving the right to a jury trial, Retired Presiding Judge Onion stated: "We do not find, nor have we been cited any authority, which holds that the right to assistance of counsel prior to waiver of trial by jury in a criminal case is a fundamental right under due process of law." *Ex Parte [Jerry Lee] Ross*, 522 S.W.2d 214, 223 (Tex.Crim.App.1975).[8]

**4.** Appellant did not offer any evidence at his habeas hearing. Thus, the record provides insufficient proof to support appellant's factual allegation that his plea was involuntary and unintelligent under the Sixth Amendment. We must, therefore, deny those claims because appellant has failed to offer any factual evidence other than the conclusory statement that a 17 year-old with a tenth grade education cannot, as a matter of law, voluntarily and intelligently waive his constitutional rights by himself.

**5.** *Helms v. State*, 484 S.W.2d 925 (Tex.Crim. App.1972). In *Helms*, this Court held that "[w]here a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived." *Id.* at 927. The *Helms* rule was recently modified in *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim.App.2000), to the extent that a defendant's right to challenge errors occurring before his guilty or *nolo contendere* plea are waived "only when the judgment of guilt was rendered independent of, and is not supported by, the error." 8 S.W.3d at 666–67. Strictly speaking, the *Helms/Young* waiver rule applies to direct appeals and is not necessarily applicable to otherwise cognizable claims on a writ of habeas corpus.

**6.** For example, claims that the trial court never had personal jurisdiction over the defendant or subject matter jurisdiction over the offense raise jurisdictional defects and so are cognizable on a writ of habeas corpus. *See, e.g., Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App.1980) (because subject matter jurisdiction "exists by reason of the authority vested in the court by the Constitution and statutes[,]" it cannot be conferred by agreement or waiver).

**7.** *See, e.g., Ex parte Drake*, 883 S.W.2d 213, 215 (Tex.Crim.App.1994) (habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void or for denials of fundamental or constitutional rights); *Ex parte Watson*, 601 S.W.2d 350, 352 (Tex.Crim. App.1980) (post-conviction writ of habeas corpus is limited, and "lies only to review jurisdictional defects or denials of fundamental or constitutional rights"); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex.Crim.App.1989) (same). Although these cases frequently speak of "fundamental" rights being recognized on habeas review, they do not identify which rights, if any, are "fundamental" and yet not constitutional.

**8.** The issue in *Ross* was whether a misdemeanor defendant must be appointed an attorney before waiving his right to a jury trial. This Court concluded that there was no such statutory right under art. 1.13(c), and de-

Judge Onion noted that "[t]here exists no federal constitutional provision which prohibits an accused from knowingly and intelligently waiving his right to trial by jury in a felony prosecution." *Id.* at 222. Presiding Judge Onion was correct. He also stated, however, that "before a defendant who has no attorney can agree to waive a jury trial in a non-capital felony, the court must appoint an attorney to represent him or the resulting conviction will be void." *Ross*, 522 S.W.2d at 223.[9] Why void?

The earliest case holding that a conviction obtained in violation of art. 10a is "void," appears to be *Ex parte Kelley*, 161 Tex.Crim. 330, 277 S.W.2d 111, 112 (1955), in which this Court stated:

> It has been the repeated holding of this court that the provision touching representation by counsel is mandatory and that noncompliance therewith renders the conviction void. *Wilson v. State*, Tex. Cr.App., 157 Tex. Cr. R. 642, 252 S.W.2d 197 [1952]; *Hernandez v. State*, 138 Tex.Cr.R. 4, 133 S.W.2d 584 [1939];

> *Ex parte Rawlins*, 158 Tex.Cr.R. [346], 255 S.W.2d 877 [1953].

None of these three prior cases said that the conviction of a defendant who was not represented by counsel at the time he waived his right to a jury trial was "void." All three did say that article 10a was a "mandatory" provision and that it was error to not follow its provisions. But that is true of the failure to follow almost any mandatory statute.

In *Kelley*, this Court did not discuss the use of the word "void." That term simply popped into the opinion, like Athena springing full-grown from Zeus' brow. There is no logical or legal explanation for it. Nor does the term "void" fit the situation. Why would the voluntary waiver of a jury trial by a defendant who, though not represented, was otherwise fully informed of his rights and wished to waive them, automatically render his conviction void and without legal consequence? If the constitution does not require this procedure and the Legislature could eliminate the statute entirely, why would this Court

---

clined to read one into the statute because there was no "fundamental" or "constitutional" requirement that a defendant be represented by counsel prior to waiving his right to a jury trial. 522 S.W.2d at 222–23. This Court also noted that Texas appears to be unique in its position that a felony defendant must be represented by counsel before he makes the decision to waive a trial by jury. *Id.* at 222.

9. Judge Onion relied upon the following habeas cases: *Ex parte Jenkins*, 433 S.W.2d 701 (Tex.Crim.App.1968) (holding that art. 1.13 "is mandatory and failure to comply renders the conviction void"); *Ex parte Strother*, 395 S.W.2d 629, 630 (Tex.Crim.App.1965) (stating that "[i]t is well settled that the provisions of Article 10a [now 1.13] are mandatory, and failure of the trial court to appoint counsel for petitioner prior to accepting his waiver for trial by jury would be reversible error"); *Ex parte Prestridge*, 373 S.W.2d 494, 495 (Tex.Crim.App.1963) (stating that "[t]he judgment of conviction is attacked as void because of

the failure of the trial court to appoint counsel to represent him upon the trial of the case[,]" and holding that "Art. 10a, Vernon's C.C.P. [now art. 1.13(c)] provides that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him. This provision is mandatory."); *Ex parte [William F.] Ross*, 165 Tex.Crim. 246, 305 S.W.2d 958, 959 (1957) (holding that Art. 10a "is mandatory and noncompliance therewith renders the conviction void"); *Ex parte Rawlins*, 158 Tex.Crim. 346, 255 S.W.2d 877 (1953) (same); *Ex parte Burns*, 441 S.W.2d 532, 533 (Tex.Crim.App. 1969) (same); and *Ex parte Higginbotham*, 382 S.W.2d 927, 928 (Tex.Crim.App.1964)(holding that "Art. 10a … provides that before a defendant who has no attorney can agree to waive a jury the court must appoint an attorney to represent him. This provision is mandatory and applies whether the defendant is indigent or not. Failure to comply renders the conviction void").

conclude that a conviction is "illegal" and has no legal force whatsoever simply because of the failure to provide counsel to make that one decision? Under this "void conviction" reasoning, it matters not that the defendant forthrightly states that he wanted to waive his right to a jury trial then, and he wants to waive it now. Appellant's position is simply that, because the statute says he "must" have an attorney represent him before he waives a jury trial, his conviction is void. He neither alleges nor offers any evidence that he would have acted differently had the trial court appointed him an attorney to advise him whether or not to waive a jury trial.[10]

It appears that the first case to hold that a violation of art. 10a [now 1.13] is cognizable on a habeas writ was *Ex parte Rawlins*,[11] which relied upon *Hernandez*,[12] a direct appeal case. But *Hernandez* did not say that the resulting conviction was "void," merely that the statute "seemed" mandatory.[13] This Court, in *Ex parte Rawlins*, did not discuss why the defen-

dant could obtain relief on a writ of habeas corpus, as opposed to reversal on direct appeal, for a procedural error. If *Rawlins* stands for the proposition that any and all violations of a "mandatory" statute (*i.e.*, one that contains the words "shall" or "must") are cognizable on habeas review, it has long since been overruled *sub silentio* because this Court has repeatedly held that procedural errors or irregularities or deviations from "mandatory" statutes are not cognizable on a writ of habeas corpus.[14]

 In recent years, this Court has attempted to refine the definition of a "void" v. "voidable" conviction because those terms have caused so much confusion in Texas criminal law. "Void" convictions should be defined as those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner. *See, e.g., Ex parte Seidel*, 39 S.W.3d 221, 226–27 (Tex.Crim.App.2001) (Womack, J., dissenting, joined by Keller, P.J. & Meyers, J.).[15] Procedural errors or

---

10. Appellant states in his Petition for Discretionary Review that "the Legislature has enacted a check against the State's power to influence and possibly coerce a plea from a criminal defendant who may be indigent and uneducated about the protection an attorney may afford him." But appellant does not allege or offer evidence that *he* was so influenced or coerced into entering a plea of guilty. His cognizable habeas corpus claim would be that his plea of guilty was not intelligent and/or voluntary because he did not knowingly or voluntarily waive his right to assistance of counsel or that he was unconstitutionally coerced by the State or trial judge into accepting a plea agreement without assistance of counsel. Appellant properly made a claim of an involuntary/unintelligent plea but failed to offer evidence at the habeas hearing to support it. Without any allegation or evidence of actual harm, this Court cannot grant habeas relief on an abstract proposition of law.

11. 255 S.W.2d at 878 (stating that "Article 10a, Vernon's C.C.P., provides that before a

defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him. The provision is mandatory.").

12. *Hernandez v. State*, 133 S.W.2d at 584.

13. *Id.*

14. *See, e.g., Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993) (violations of mandatory provision concerning signing of written jury waiver contained in art. 1.13 not cognizable on writ of habeas corpus); *Ex parte Tovar*, 901 S.W.2d 484, 485 (Tex.Crim. App.1995) (failure to give mandatory admonishments regarding deportation required under Art. 26.13(a)(4) is cognizable on writ of habeas corpus only if trial judge wholly failed to give warnings and defendant's plea was constitutionally involuntary as a consequence).

15. *See also Nix v. State*, 65 S.W.3d 664, 673, (Tex.Crim.App.2001) (discussing "void" judg-

statutory violations may be reversible error on direct appeal, but they are not "fundamental" or "constitutional" errors which require relief on a writ of habeas corpus.[16] We should clearly define the scope of issues and claims that are cognizable on a writ of habeas corpus as those which raise either jurisdictional defects or constitutional claims.

◼ Even if the trial judge were to violate a "mandatory" statute by accepting the defendant's waiver of a jury trial without first appointing an attorney to represent him for purposes of that one decision, that violation would not suffice to invoke habeas relief. After all, most provisions in the Code of Criminal Procedure are "mandatory," in that they state that a trial court "shall" or "must" do something in a particular manner. To say that a statute is "mandatory" is simply to say that the law prescribes the manner in which a particular action should or shall be taken.

◼ For example, although other portions of article 1.13 are also written in mandatory terms, a violation of those provisions would not be cognizable on a writ

of habeas corpus because it would not be a jurisdictional defect or constitutional or fundamental violation. It would be a procedural violation. In *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993), this Court, in an 8–1 decision, held that a violation of the mandatory requirement in article 1.13 that a defendant sign a jury waiver [17] was *not* cognizable on a writ of habeas corpus. In *Sadberry*, this Court relied upon numerous prior cases which had held that habeas relief is available only for instances in which "the trial court's judgment is void, and cannot be invoked for mere irregularities in the proceedings below." *Id.* at 542. Unfortunately, the Court used the dreaded word "void" again. However, the cases this Court relied upon correctly stated the circumstances under which habeas relief is available, namely, to review jurisdictional defects or denials of fundamental or constitutional rights. As the Court explained:

> While we do not sanction noncompliance with procedural rules designed to safeguard constitutional rights, the writ was not intended to provide for relief for

ments and categorizing them in a "nearly exclusive" list as: "(1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument thus the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright* ") (footnotes omitted).

16. *See Ex parte Seidel,* 39 S.W.3d at 225 (majority op.) (stating that "errors involving the violation of statutory procedure have not been deemed void, but voidable"; holding that when a court acts "outside the parameters of

*any* rule or procedure", it lacks authority to act). As the majority of this Court explained in *Seidel,* if a court violates a procedural statute, it has committed an error which may render a conviction based upon that error subject to reversal on direct appeal. In this Court's hoary term, it is a "voidable" conviction. *Id.* A court which has both subject matter and personal jurisdiction over a given case or controversy, but which performs an action outside of *any* legal or judicial authority, acts beyond the scope of the law and that *ultra vires* act cannot be recognized as a valid judicial act. The law will not validate its existence or performance. It is, in hoary terms, a "void" act. *Id.*

17. Article 1.13(a) states in pertinent part that a defendant may waive the right to a jury trial "conditioned, however, that such waiver *must* be made in person by the defendant in writing."

such noncompliance where the record is otherwise clear on the rights to which the procedural formalities pertain. Accordingly, we hold that where the applicant does not claim he desired and was deprived of his constitutional right to a trial by jury, that he did not intend to waive a jury trial or that he was otherwise harmed, and the record reflects that the applicant agreed to the waiver, we will not set aside a conviction by habeas corpus or collateral attack due to the applicant's failure to sign a written jury form pursuant to article 1.13.

*Id.* at 543. The reasoning and result in *Sadberry* are sound. We will continue to follow it. Therefore, we ineluctably conclude that a violation of article 1.13(c) is not cognizable on a writ of habeas corpus.

Therefore, we affirm the decision of the Court of Appeals.

HOLCOMB, J., filed a dissenting opinion, in which PRICE and JOHNSON, JJ., joined.

HOLCOMB, J., filed a dissenting opinion, in which PRICE and JOHNSON, JJ., joined.

Today the majority limits the scope of habeas corpus to those errors that are "jurisdictional," "fundamental," or "constitutional." In doing so, the Court effectively overrules one hundred years of precedent. This Court has long held that habeas corpus is an appropriate remedy to attack a void judgment or sentence. *See Ex parte Seidel*, 39 S.W.3d 221, 224,

225 at n. 4 (Tex.Crim.App.2001); *Ex parte Beck*, 922 S.W.2d 181 (Tex.Crim. App.1996); *Heath v. State*, 817 S.W.2d at 336 (Tex.Crim.App.1991) (opinion on original submission); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim.App.1979). Otherwise, many defendants, such as Mr. McCain, are left without a remedy even though there has been a clear violation of a mandatory statute.[1] Because I conclude that the Legislature could not have intended such a result and that void sentences and convictions are properly cognizable on habeas corpus, I respectfully dissent.

## I.

Appellant, Steven Jerald McCain, was charged with the felony offense of indecency with a child. *See* Tex. Pen.Code § 21.11(a)(2). On June 11, 1999, appellant appeared before the trial court and waived his right to be charged by grand jury indictment,[2] right to counsel, right to trial by jury, and right to confront and cross-examine witnesses. Appellant then entered, pursuant to a plea bargain, a plea of *nolo contendere* to the charged offense. The trial court accepted the plea and found appellant guilty. The trial court then sentenced appellant to six years in prison, probated for a term of six years, in accordance with the plea bargain. Appellant was notified of his right to appeal, but he did not do so. He did not have the benefit of counsel at any point in this process.

---

1. Article 1.13(c) of the Texas Code of Criminal Procedure provides that before a felony defendant may agree to waive a jury trial, "the court *must* appoint an attorney to represent him." (Emphasis added.)

2. This Court has also held that the failure to appoint counsel prior to the waiver of a grand jury indictment can render a·subsequent conviction void. *King v. State,* 473 S.W.2d 43

(Tex.Crim.App.1971)("If an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void. An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily and knowingly given by the accused *while represented by counsel.*") (Emphasis added.)

Instead, appellant, a seventeen-year-old high school drop-out, eager to settle the matter by accepting probation, was hurried through the process by a judge and prosecutor equally anxious to settle the matter. During the hearing on appellant's plea, the following exchange took place:

THE COURT: Mr. Dent over here to your left is a very fine gentleman, a good lawyer, and a fine attorney, but you need to understand that he's the District Attorney of Hill County, Texas. He has, as his client, the State of Texas. He cannot represent you at the same time he represents the State. That would put him in a real tough position to try to do both, and you need to understand that he cannot do that. Likewise, I, as the judge of this court, cannot—I do not favor one side or the other, but instead, my job is entirely different than being your attorney. Do you understand that?

APPELLANT: Yes, sir.

THE COURT: And I can give you no legal advice, so if you insist on waiving your right to an attorney, you'll be looking to yourself for your own counsel. Do you understand?

APPELLANT: Yes, sir.

THE COURT: Do you want me to approve this Waiver of Counsel form that you've signed?

APPELLANT: Yes, sir.

THE COURT: The court will do so. Now, it appears as if you've signed a document here advising me that you've never been convicted of a felony in this or any other state and are asking for probation. Have you signed this document for the purposes and consider-

ations therein expressed and upon your oath?

APPELLANT: Yes, sir.

THE COURT: It also appears as if you've signed a document here entitled Waiver of Trial By Jury and Agreement to Stipulate Testimony. Do you have any questions about any of the matters contained therein?

APPELLANT: No, sir.

THE COURT: In that document, it appears that you want to give up or waive your right to a jury trial, waive any waiting period you're entitled to, and also waive the appearance, confrontation, and cross-examination of witnesses. Is this your signature in two places on this document?

APPELLANT: Yes, it is.

THE COURT: And do you want me to approve these waivers?

APPELLANT: Yes, sir.

THE COURT: The court will do so.

While it clear that appellant waived his right to a jury trial, it is equally clear that the trial court, presumably with full knowledge of the requirements of Article 1.13(c), allowed him to waive his right to a jury trial without the benefit of counsel.[3]

On September 27, 1999, the State filed a motion to revoke probation. Appellant was arrested and then, finally, appointed counsel. Prior to the disposition of the motion to revoke, appellant applied for a writ of habeas corpus. *See* Tex.Code Crim. Proc. § 11.08; *Ex parte Twyman,* 716 S.W.2d 951 (Tex.Crim.App.1986). Appellant argued that compliance with Article 1.13(c) was mandatory and that the failure to appoint counsel prior to his jury

---

**3.** The Tenth Court of Appeals characterized the trial court's performance as "exemplary." As a practical matter, trial court judge's are well aware that before a defendant can waive his right to a jury trial, he must be appointed counsel. Hence, I do not understand how a seemingly willful violation of a clear mandate of the Legislature, as expressed through Article 1.13(c), can ever be characterized as "exemplary."

trial waiver rendered his subsequent conviction void. The trial court granted the writ, conducted a hearing, and denied relief.

On appeal, appellant reiterated his argument that noncompliance with Article 1.13(c) rendered his conviction void. The Tenth Court of Appeals disagreed and held that because the *"Helms* rule" applied, appellant was barred from asserting his complaint on appeal. *McCain v. State,* 24 S.W.3d 565, 568 (Tex.App.-Waco 2000). The Court of Appeals reasoned that failure to appoint counsel in compliance with Article 1.13(c) was nonjurisdictional error that occurred before the entry of appellant's plea and was therefore waived by the voluntary plea of *nolo contendere.* We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred.[4] *See* Tex.R.App. Proc. 66.3(b) & (c).

In his brief to this Court, appellant argues, in essence, that the trial court was required to appoint counsel before he could waive his right to a jury trial and that it was error for the Court of Appeals to hold otherwise. Appellant gives three reasons in support of his argument: (1) the clear language of Article 1.13(c) requires the appointment of an attorney, (2) case law has established that the requirements of Article 1.13(c) are mandatory and failure to comply renders a subsequent

conviction void, and (3) the *"Helms* rule" does not apply to void convictions.

## II.

The majority holds that a violation of a statute, in this case Article 1.13(c), is not cognizable on a writ of habeas corpus. I disagree in the strongest terms. Article 1.13(c) provides that "[a] defendant may agree to waive a jury trial regardless of whether the defendant is represented by an attorney at the time of making the waiver, but before a defendant charged with a felony who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him."[5] Before today, it was settled that the requirements of Article 1.13(c) were mandatory and that failure to comply with those requirements rendered a subsequent conviction void. *Ex parte Ross,* 522 S.W.2d 214, 223 (Tex.Crim.App.1975), *cert denied,* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); *Ex parte Burns,* 441 S.W.2d 532 (Tex.Crim.App.1969); *Ex Parte Jenkins,* 433 S.W.2d 701 (Tex.Crim.App.1968); *Ex parte Strother,* 395 S.W.2d 629 (Tex.Crim. App.1965); *Ex parte Higginbotham,* 382 S.W.2d 927 (Tex.Crim.App.1964); *Ex parte Rawlins,* 158 Tex.Crim. 346, 255 S.W.2d 877 (Tex.Crim.App.1953); *Wilson v. State,* 157 Tex.Crim. 642, 252 S.W.2d 197 (Tex. Crim.App.1952); *Hernandez v. State,* 138 Tex.Crim. 4, 133 S.W.2d 584 (Tex.Crim. App.1939). We most recently recognized

---

**4.** The precise ground we granted review on is whether "[t]he Court of Appeals erred in failing to find and hold that the trial court erred by failing to appoint an attorney to represent petitioner prior to his waiver of jury trial in a felony case. The trial court ignored the plain, clear, unambiguous and mandatory language of article 1.13(c) which requires the court to appoint an attorney to represent a defendant charged with a felony prior to his agreement to waive jury trial. Such error by the trial court renders the conviction void and petitioner may challenge a void conviction at any stage in the criminal proceedings." We did

not grant review to redetermine what is cognizable on a writ of habeas corpus or to consider whether *Seidel* and *Heath* should be overruled.

**5.** Article 1.15 further provides that "[n]o person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14...."

this principle in *Ex parte Ross*, where Presiding Judge Onion, writing for the Court, stated that "[t]he provisions of Article 1.13, and its predecessor Article 10a are mandatory;[6] before a defendant who has no attorney can agree to waive a jury trial in a non-capital felony, the court must appoint an attorney to represent him or the resulting conviction will be void." 522 S.W.2d at 223. Moreover, it was equally settled that a void conviction may be challenged in a post-conviction habeas corpus proceeding. *Beck*, 922 S.W.2d 181; *Heath*, 817 S.W.2d at 336; *Ex parte McIver*, 586 S.W.2d 851; *Burns*, 441 S.W.2d 532; *Jenkins*, 433 S.W.2d 701; *Higginbotham*, 382 S.W.2d 927; *Strother*, 395 S.W.2d 629; *Rawlins*, 158 Tex.Crim. 346, 255 S.W.2d 877.

The majority attempts to redefine void convictions as "those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner." As support for this proposition, the majority, incredibly, cites the *dissenting* opinion in *Seidel*. In *Seidel*, an opinion decided less than a year ago, a majority of this Court held that a trial court's dismissal of a prosecution with prejudice was "void" and that it could be collaterally attacked. 39 S.W.3d 221. We specifically stated that "the trial judge's action was more than a *mere* violation of statutory procedure. The trial judge's action was not authorized by law and was, therefore void." *Id* at 225. (Emphasis added). We also recognized that other "non-jurisdictional" errors, such as "illegal" or "unauthorized" punishments, can render a judgment void and, therefore, subject to collateral attack. *Id.* at 225 and n. 4.

If such an action by the trial court in *Seidel* rendered the dismissal void, then an even stronger case can be made that the violation of Article 1.13(c) in the instant case rendered the resulting conviction void. By Article 1.13(c), the Legislature has specifically prohibited a trial court from accepting a defendant's waiver of a jury trial until the court has appointed an attorney to represent him. Here, not only was "[t]he trial judge's action ... not authorized by law ...," *Seidel*, 39 S.W.3d at 225, the action was specifically prohibited by statute. Requiring an objection at trial in these circumstances would lead to a Catch–22 situation: a defendant must object to not having an attorney appointed to advise him as to waiver of jury trial, without having been advised by an attorney that he was entitled to such representation and advice. Given the absurdity of such a situation, we chose in the past to characterize the resulting conviction as "void" and allow the defendant to raise the issue in a habeas corpus proceeding. Otherwise, defendants, such as appellant, are left without a remedy even though there has been a clear violation of a mandatory statute.

Moreover, as a matter of policy we have tried, in our approach to habeas corpus cognizability, to strike a reasonable balance between a convicted person's interest in the vindication of his legal rights and the State's interest in the finality of convictions.[7] Thus, in a long line of cases, most notably *Heath* and *Seidel*, we have held that some defects, even though they are "just" statutory defects, are so egregious that they are cognizable on habeas corpus.

---

**6.** For a discussion of the history of Article 1.13 and it's predecessor Article 10a, see *Ex parte Ross*, 522 S.W.2d at 222–223.

**7.** *But see Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.").

*See Heath,* 817 S.W.2d at 336; *Seidel,* 39 S.W.3d 221 at 225; *Ex parte McIver,* 586 S.W.2d 851 (Tex.Crim.App.1979). In *Heath,* we characterized these defects as rendering the conviction "void." 817 S.W.2d at 336. However, we could have properly characterized as "fundamental" errors those "unauthorized sentences" and "statutory defects" which render a sentence void. No matter what we choose to call these "errors," the underlying purpose is the same: *to balance a convicted person's interest in the vindication of his legal rights and the State's interest in the finality of convictions.*

In Texas, a defendant has a statutory right to have counsel appointed before he can waive his right to a jury trial. The Legislature has decided that the right to a jury trial is so important that before a defendant can waive that right, he should have the opportunity to consult with counsel. If a trial court denies a defendant that right by refusing to appoint counsel, equity demands that the balance be struck in favor of the defendant. Therefore, a defendant should be allowed to contest, in a habeas corpus proceeding, a violation of Article 1.13(c).

### III.

Here, there is no question that appellant was not appointed an attorney in compliance with Article 1.13(c) before waiving his right to a jury trial. Hence, it is clear to me, based both on precedent and equity, that appellant's conviction is void and can be collaterally attacked through a writ of habeas corpus. The trial court erred in denying appellant relief, and the Court of Appeals erred in affirming the trial court's decision. Accordingly, I would reverse the judgment of the Court of Appeals and set aside appellant's original plea.