11th Court of Appeals








11th Court of Appeals

Eastland, Texas

Opinion

 

Randy
Scott Moore

Appellant

Vs.                   No. 11-01-00313-CR  B Appeal
from Erath County

State
of Texas

Appellee

 

Following a bench trial, the trial court convicted
appellant of the offense of felony driving while intoxicated (DWI) and, finding
two enhancement paragraphs to be true, assessed his punishment at confinement
for 30 years.  We affirm.

There is no challenge to the sufficiency of the
evidence.  After a law enforcement
officer stopped appellant for speeding, appellant failed the field sobriety
tests which the officer administered. 
The officer arrested appellant and took him to jail where he failed more
tests.  Appellant also took breathalyzer
tests, the results of which were 0.195 and 0.199.  

The indictment alleged that appellant had been
convicted of two prior misdemeanor offenses of driving while intoxicated.  One of these occurred in Hood County and the
other in Brown County.  The State also
alleged in two enhancement paragraphs that appellant had been convicted of two
additional felony offenses, aggravated assault of a police officer and bribery.  The trial court found appellant guilty,
found that the enhancement paragraphs were true, and assessed his punishment at
confinement for 30 years.  

In his first issue on appeal, appellant argues
that the trial court erred when it considered a prior misdemeanor DWI
conviction from Hood County because appellant was not appointed counsel before
entering his plea.  In this collateral
attack on that conviction, appellant maintains that TEX. CODE CRIM. PRO. art.
1.13(c) (1991), as it existed at the time of the prior conviction, required the
appointment of counsel before a jury could be waived.  Although Article 1.13(c) has now been amended to apply
specifically to felonies only, appellant claims that, at the time of the prior
conviction, Article 1.13(c) also applied to misdemeanors. 








Even if we were to agree with appellant that, at
the time of the prior offense, Article 1.13(c) required the appointment of
counsel in a misdemeanor case, counsel can be waived.  See generally Ex parte McCain, 67 S.W.3d 204, 206-07
(Tex.Cr.App.2002).  The record before us
contains appellant=s
written waiver of counsel and right to trial by jury as well as other
waivers.  The record also shows that the
trial court implicitly found the waivers to be legally sufficient when it
approved those waivers.  The case of
Goffney v. State, 843 S.W.2d 583 (Tex.Cr.App.1992), is distinguishable because
the record in the case before us contains the admonishments given to appellant
as well as the trial court=s
findings in connection with the admonishments. 
The record contains nothing to contradict those statements and
findings.  Further, appellant does not
show how he would have acted differently had counsel been appointed.  See Ex parte McCain, supra at 209.  We hold that appellant waived his right to
counsel in connection with the Hood County DWI, and his first issue on appeal
is overruled.  

In his second issue on appeal, appellant argues
that the trial court violated his rights under the Sixth Amendment to the
United States Constitution.  Appellant
claims that his right to counsel was violated when the trial court considered a
prior Brown County DWI as part of the proof required to elevate the current DWI
to the grade of felony.  Again,
appellant collaterally attacks the prior DWI and complains that the trial court
could not consider that prior case because the trial court there did not
appoint counsel for him.  Appellant
cites several cases for the proposition that the Sixth Amendment gives an
accused the right to have the assistance of counsel for his defense.  There can be little argument of the truth of
that proposition.  One of those cases is
Argersinger v. Hamlin, 407 U.S. 25 (1972). 
In Argersinger, the Supreme Court said: 

[A]bsent
a knowing and intelligent waiver, no person may be imprisoned for any
offense, whether classified as petty, misdemeanor, or felony, unless he was
represented by counsel at his trial. 
(Emphasis added)

 

Argersinger v. Hamlin, supra at 37.








While the cases cited by appellant in support of
his position discuss the right to counsel, those cases do not involve the issue
of a waiver of that right.  A case which
does touch upon waiver is Walker v. State, 486 S.W.2d 330
(Tex.Cr.App.1972).  In that case, the
defendant, like appellant here, complained that a prior DWI could not be used to
increase the grade of offense Abecause
[he] was not represented by counsel, was indigent, and did not waive right to
counsel in that proceeding.@  Walker v. State, supra at 330.  In Walker, the defendant testified in
the trial court, out of the presence of the jury, that he was convicted in the
prior DWI; that he was not advised of his right to counsel; that he was
indigent; and that, had he had the money, he would have hired a lawyer.  Walker v. State, supra at 331.  The records from the prior DWI were introduced
into evidence, but they did not show that appellant was represented by
counsel.  Walker v. State, supra at
331.  In reversing the conviction, the
court said: AThe
evidence in this case does not comply with the holding of Argersinger v.
Hamlin, supra, in that it does not show that appellant made a knowing and
intelligent waiver of counsel.@  Walker v. State, supra at 331.

In this case, the evidence shows that the trial
court duly admonished appellant that he had, among other things, the right to
counsel.  Appellant acknowledged and
waived those rights.  The trial court
found that the plea was freely and voluntarily entered.  Walker would require that there be a
showing that appellant made a knowing and intelligent waiver of counsel.  We hold that, under this record, such a
showing has been made.  Appellant=s second issue on appeal is
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE                                                                     

May 16, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.