NO. 07-03-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2004

_____


DARRELL LEON LAWLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,604-B; HONORABLE JOHN BOARD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


On April 7, 2003, appellant Darrell Leon Lawler, having waived his right to a trial by jury, pleaded guilty to the court without the benefit of a plea bargain to the first degree felony offense of aggravated robbery. The trial court then assessed a sentence of twenty-five years confinement and entered an affirmative deadly weapon finding. With two points

of error, appellant claims: (1) his trial counsel was ineffective; and (2) the trial court erred in failing to secure a written jury trial waiver before he entered his guilty plea. We affirm.

On the afternoon of November 29, 1999, appellant and a co-defendant shoplifted some merchandise from Hobby Lobby and left the store. As they drove out of the parking lot, their car, which was driven by the co-defendant, hit two store employees who were attempting to detain them. Appellant and his co-defendant were arrested a short time later and charged with aggravated robbery.

Before the commencement of testimony at trial, the court engaged in the following discussion with appellant:

> Court: And, Mr. Lawler, something that's come up this morning that I just need to discuss with you is the fact that we have determined that Ms. Lopez [appellant's trial counsel] was actually on the grand jury that indicted you in this case. That could be something that you could complain about later and certainly would want – we would want to take care of that now. You can waive any conflict that there would be with regard to that, or – but you don't have to waive that. And I just need to understand if you are willing to waive that and we can proceed today.
>
> Defendant: Yeah, I'll waive it.
>
> Court: We'll go ahead and waive it. And you've had the opportunity to visit with Maria [Lopez] and your family about that, and --
>
> Defendant: Yes.
>
> Court: You feel like you are making that determination knowingly and of your own free will?

Defendant: Yes, sir.

Court: Is anyone forcing you to waive that?

Defendant: No, sir.

Court: And you just want to go ahead and get this on the road and have your trial today then?

Defendant: Yes. It's been a long time.

The court then accepted appellant's waiver and proceeded to trial.

During appellant's case in chief, Lopez further questioned appellant about the potential conflict between her representation of him and her status as one of the grand jurors who returned a true bill of indictment against him. Lopez confirmed that she and appellant had spoken about "the fact that [she] was on the grand jury that indicted [him]." And, in response to her query whether he was "still comfortable with [her] representing [him]," appellant said "Yes, ma'am."

By his first point of error, appellant maintains "[t]he trial court committed reversible error in that appellant was denied the effective assistance of counsel since he was represented by a court-appointed attorney who had been a member of the grand jury which indicted him." We disagree. Initially, we note that ineffective assistance claims that are premised on a conflict of interest are subject to two different standards. Most claims alleging ineffective assistance fall within the well-known *Strickland* standard. *See* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also* Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Cr.App. 1986). To prove ineffective

3

assistance of counsel under this standard, the defendant must demonstrate: (1) counsel's representation fell below objective standards of reasonableness; and (2) the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688-92. The defendant bears the burden of proving his claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex.Cr.App. 1998). Under the standard of review announced in *Cuyler v. Sullivan*, a defendant demonstrates a violation of his rights to reasonably effective assistance based upon a conflict of interest when: (1) counsel was burdened by an actual conflict of interest; and (2) the conflict had an adverse effect on specific instances of counsel's performance. Thompson v. State, 94 S.W.3d 11, 15-6 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd) *(citing* Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). The main difference between the *Strickland* and *Cuyler* tests is that there is a lesser burden of proof when the claim of ineffective assistance of counsel involves a conflict of interest than when a claim is based on attorney error. Monreal v. State, 923 S.W.2d 61, 64 (Tex.App.–San Antonio 1996), *aff'd*, 947 S.W.2d 559 (Tex.Cr.App. 1997).

Appellant has not favored us with the benefit of his position regarding which standard applies in this case. We conclude, however, that because appellant has not shown that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance under *Cuyler*. *Thompson*, 94

S.W.3d at 16.  Thus, we will utilize the *Strickland* standard.[1]  In applying that standard we are mindful that failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003).  Moreover, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.    McFarland  v.  State,  928  S.W.2d  482,  500  (Tex.Cr.App.  1996).  Furthermore, defense counsel should ordinarily be accorded an opportunity to explain his or her actions before being labeled as unprofessional, incompetent, or ineffective.  *See* Bone  v.  State,  77  S.W.3d  828,  836  (Tex.Cr.App.  2002).    Indeed,  there  is  a  strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 690.

Appellant suggests his trial counsel's representation was deficient because of the "inherent conflict of interest" that arose by virtue of her participation on the grand jury that indicted him.  Apart from that bald assertion, however, appellant has failed to demonstrate how his attorney could have represented him more effectively had she not been impaired by the alleged conflict.  *Thompson*, 94 S.W.3d at 19.  Appellant's contention that "such an inherent conflict of interest existed here that [his] trial counsel could not properly advise him

---

[1]We concur with the decision of  the 14th Court of Appeals that the *Strickland* test adequately protects a criminal defendant's Sixth Amendment right to conflict-free counsel under these circumstances, and that the *Cuyler* standard is best reserved for those situations involving a defense attorney's multiple or joint representation.  *See* Thompson v. State, 94 S.W.3d 11, 19 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd).

concerning how to proceed," absent any support in the record, does nothing to advance the argument that his attorney's performance was deficient. Thus, appellant has failed to overcome the strong presumption that trial counsel's conduct falls within a wide range of reasonable representation.[2] *Strickland*, 466 U.S. at 690; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). What is more, appellant has presented no evidence to establish that counsel's alleged deficient performance actually prejudiced him. That is to say, he has failed to demonstrate how his attorney's service on the grand jury harmed him in any way. The record on direct appeal is simply devoid of any evidence affirmatively proving either prong of the *Strickland* test. Thus, appellant's ineffectiveness claim is, of necessity, defeated. *See Rylander*, 101 S.W.3d at 110. His first point of error is overruled.

By his second point of error, appellant claims "the trial court committed reversible error in that there was no written waiver of jury trial prior to [his] plea of guilty." We disagree. The first time that the court addressed appellant's right to a trial by jury was during the direct examination of appellant by Lopez during his case in chief. At that time, the trial court interrupted Lopez and queried:

---

[2]While Lopez's actions may fall within the "wide range of reasonable representation," the better practice would have been to avoid the appearance of such impropriety altogether by withdrawing from the representation of a criminal defendant against whom she participated in returning an indictment.

> Mr. Lawler, you do understand and I think you've probably discussed it with counsel, probably both counsels,[3] that you could have proceeded with a jury today, and by pleading guilty you are waiving your right to a jury on that – on that issue, but also by coming to me for punishment you were waiving a jury with regard to punishment. And you understand that, don't you?

Appellant responded affirmatively. His attorney then asked him whether she had discussed with him his option "to go in front of a jury," and, again, appellant responded in the affirmative. During cross-examination, the prosecutor asked whether appellant was willing to sign a written jury waiver, and he said that he would. The record, in fact, contains a document entitled "Waiver of Jury," purportedly signed by appellant, his attorney, the prosecutor, and the judge.

Article 1.13(a) of the Texas Code of Criminal Procedure provides that a criminal defendant may waive the right to a trial by jury upon entering a plea, but requires that the waiver be made in person by the defendant in writing in open court with the consent and approval of the court and the approval of the attorney representing the State. (Vernon Supp. 2004). The article further provides that the trial court's consent and approval of the waiver must be entered of record on the minutes of the court, and that the approval of the

---

[3]The record reveals Kent Birdsong represented appellant until he filed a motion to withdraw based upon his wife's "serious health problems" in February of 2003. At the time Birdsong was allowed to withdraw, Maria Lopez had already agreed to take over appellant's representation.

7

State's attorney must be in writing, signed by him, and filed in the papers of the cause *before* the defendant enters his plea. *Id.* (Emphasis added).

Here, the record reflects that it was only after appellant entered his plea, the State put on its case in chief, and appellant began presenting his own punishment evidence that the trial court inquired of appellant's desire to waive a jury trial. In failing to obtain the waiver before appellant entered his plea, the trial court did not observe the mandatory requirements of article 1.13, and, thus, erred. A violation of the mandatory terms of article 1.13(a) is not jurisdictional, constitutional, or fundamental error, however. Ex parte McCain, 67 S.W.3d 204, 209-10 (Tex.Cr.App. 2002). Rather, such error is nonconstitutional, or statutory, error subject to a rule 44.2(b) harm analysis. *See* Johnson v. State, 72 S.W.3d 346, 348 (Tex.Cr.App. 2002). Therefore, we must disregard the error if it did not affect appellant's substantial rights. Tex. R. App. P. 44.2(b). To determine whether an error affected substantial rights in the context of the violation of one of the mandatory requirements of article 1.13, we must ascertain whether appellant understood his right to trial by jury before his bench trial began. *Cf. Johnson*, 72 S.W.3d at 348 (considering whether appellant was harmed by the failure to execute a written jury trial waiver).

Here, when the trial court suggested to appellant that he had "probably discussed it with counsel, probably both counsels, that you could have proceeded with a jury today," appellant responded, "Yes, sir." Furthermore, Lopez confirmed that she and appellant "did discuss that, [his] option to go in front of the jury." We conclude appellant knew he had the

right to a jury trial and expressly, knowingly, and voluntarily relinquished that right in open court on the record.[4] In short, appellant was not harmed by the violation of article 1.13(a) because the record reflects that he was aware of his right to a jury trial and opted for a bench trial. *Id.*

Furthermore, to preserve a complaint for appellate review, a defendant must object timely to the trial court. Tex. R. App. P. 33.1. The record shows that appellant never asked to withdraw his plea of guilty to the aggravated robbery charge. Keller v. State, 125 S.W.3d 600, 603 (Tex.App.–Houston [14th Dist.] 2003, pet. granted). Likewise, he did not file a motion for new trial complaining of the trial court's untimely admonitions. Therefore, no error was preserved for review. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[4]By this decision, we do not suggest that the trial court make a practice of delaying its inquiry into a criminal defendant's waiver of his right to a trial by jury until after it has accepted the defendant's guilty plea and proceeded to the punishment phase of the trial. We simply conclude that on this record, appellant was aware of that right and intelligently waived it.