## EX PARTE TRUMAN TIMBERLAKE

No. 26,975. April 7, 1954
Relator's Motion for Rehearing Denied
(Without Written Opinion) May 12, 1954

*Frank Ivey*, Dallas, for relator.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Relator, an inmate of the penitentiary, seeks by writ of habeas corpus his release, alleging an ineffective cumulation of sentences against him.

The record shows that the relator was, on April 8, 1929, in Cause No. 69 in the district court of Winkler County, Texas, sentenced to serve a term of not less than five years nor more

than eight years. On May 14, 1929, in Cause No. 2698 in the district court of Coleman County, Texas, he was sentenced to serve fifteen years. This sentence does not refer to any other sentence. On March 2, 1933, in Cause No. 9515 in the 54th District Court of McLennan County, relator was sentenced to serve not less than five nor more than fifteen years. The last mentioned cause contains the following order:

"It is further ordered and decreed by the Court that the judgment and sentence in this case begin at and run from the expiration of the judgment and sentence in Case No. 2698, State of Texas vs. Truman Timberlake in the District Court of Coleman County, Texas, and Case No. 69, State of Texas vs. Truman Timberlake in the District Court of Winkler County, Texas."

Relator contends that the foregoing order of cumulation in Cause No. 9515 in the 54th District Court of McLennan County is void in that it is vague, indefinite and uncertain because it directs two different dates on which the sentence in said Cause No. 9515 shall begin to operate, to-wit: (1) after the expiration of the Winkler County sentence, and (2) after the expiration of the Coleman County sentence.

We are unable to agree with relator's contention that this provision for cumulation is inoperative because indefinite as to whether it was to begin at the expiration of the eight-year sentence in Winkler County or was to begin when the fifteen-year sentence from Coleman County had been served.

We conclude that the effect of the quoted provision of the sentence was to provide that such sentence should begin when both the prior sentences had expired, and therefore would not begin until relator had served the fifteen-year sentence assessed against him in Coleman County in Cause No. 2698.

Appellant has not served the cumulated sentence assessed against him in Cause No. 9515 in the district court of McLennan County and is now legally confined under that sentence. We are not therefore authorized to pass upon the sufficiency or validity of the cumulation feature of subsequent sentences against him.

The application of writ of habeas corpus is denied.

Opinion approved by the Court.