## EX PARTE CHARLES ELMER NASH

No. 29,088. June 5, 1957.
Motion for Rehearing Overruled June 26, 1957.

*W. E. Martin,* Houston, for relator.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Relator, an inmate of the Texas Penitentiary, seeks his release by writ of habeas corpus. His application for such writ was presented to Hon. A. C. Winborn, Judge of Criminal District Court No. 3 of Harris County, and after hearing, the writ was granted and made returnable before this court in accordance with Art. 119, Vernon's Ann. C.C.P.

Relator attacks as void the judgment and sentence in Cause No. 74,563 in Criminal District Court No. 3 of Harris Couunty, Texas, on the ground that at the time he entered his plea of guilty before the court no evidence was offered showing that he committed the offense charged in the indictment.

Upon the hearing relator offered in evidence a certified copy of the judgment in Cause No. 9176 in the district court of Brazos County, dated February 25, 1955, which shows that he was adjudged to be guilty of the offense of burglary and assessed punishment of three years in the penitentiary. Said judgment included an order showing that the relator was placed on probation.

He next offered in evidence certified copies of the judgment and sentence in Cause No. 74,563 in Criminal District Court

No. 3 of Harris County. These instruments show that on June 13, 1955, while represented by counsel, he waived a trial by jury, entered a plea of guilty, evidence was submitted, and the court found him guilty of the unlawful possession of morphine as charged and assessed his punishment at three years in the penitentiary. They further show that sentence was pronounced on June 13, 1955.

He also offered in evidence the order of the district court of Brazos County in Cause No. 9176, dated June 25, 1955, revoking the order of probation entered on February 25, 1955. Sentence was pronounced in said cause on June 25, 1955. No notice of appeal appears in the record before us.

The three year sentence for the burglary conviction has not yet expired and no showing is made that it has ceased to be effective.

Under the record before us, even if we determined the Harris County conviction to be invalid, the relator would not be eligible for discharge. Ex parte Neisler, 126 Texas Cr. Rep. 26, 69 S.W. 2d 422; Ex parte Kemp, 154 Texas Cr. Rep. 633, 230 S.W. 2d 232; Ex parte Padgett, 230 S.W. 2d 813.

The relief prayed for is denied.

Opinion approved by the court.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Relator has now furnished this Court with satisfactory proof that he has served the Brazos County sentence.

His contention that the Harris County conviction is void is based upon the claim that no evidence was introduced to sustain his plea of guilty before the court as is required by Article 12, V.A.C.C.P.

A review of the evidence introduced at the hearing on the writ of habeas corpus reveals that at the time of entry of the plea of guilty to an indictment charging the relator with possession of morphine the appellant in person and his counsel waived the presence of witnesses and agreed that the testimony taken at the examining trial might be introduced.

Officer Cook's testimony was so introduced and reveals that, in company with other officers and armed with a search warrant, he searched the appellant's apartment and there found certain tablets which he turned over to the city chemist for analysis.

Lee Ward testified that he represented the state at the time the relator entered his plea of guilty and that there was a stipulation in which relator joined to the effect that if chemist McDonald were present he would testify that he received certain items from officer Cook in connection with relator's case and that among them he found "nine tablets a narcotic drug to wit morphine."

Relator, in his cross-examination of Ward, sought to show that he was basing his stipulation on a report from McDonald which showed that the tablets were found to be apomorphine which is not covered by our narcotics statutes. This proof would have been proper at the time of the trial itself but does not support the contention that no evidence was in fact introduced. This is a collateral attack upon the judgment, and our task is to determine if, in fact, the Harris County conviction is void because no evidence was introduced at the time to support relator's plea of guilty.

The evidence introduced at the habeas corpus hearing does not support the contention that no evidence was introduced to support the plea of guilty, and the relief prayed for is denied.