Ex parte Adan RIOS.

No. 37731.

Court of Criminal Appeals of Texas.

Jan. 13, 1965.

J. M. Fly, Victoria, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Relator, an inmate of the Texas Department of Corrections seeks his release by writ of habeas corpus. After a hearing on his application for such writ before Judge T. M. Gupton of the 23rd Judicial District Court of Fort Bend County, the writ was made returnable before this court in accordance with Art. 119, Vernon's Ann. C.C.P.

On June 24, 1960, the relator was convicted in Cause No. 41 in the District Court of Borden County for the offense of murder and his punishment was assessed at fifteen years. The validity of this conviction is not questioned.

Relator attacks the life sentence he is serving for the offense of murder which was pronounced against him on June 27, 1960, in Cause No. 2092 in the 132nd Judicial District Court of Scurry County, after a change of venue from Borden County.

The fifteen year sentence for the murder conviction in Borden County has not expired and no showing is made that it has ceased to be effective.

This court is not authorized to enter a declaratory judgment but only to inquire into the legality of the confinement or restraint of the prisoner. Ex parte Herring, 160 Tex.Cr.R. 357, 271 S.W.2d 657.

From the record it appears that if the attack on the validity of the Scurry County conviction was upheld, the relator would not be eligible for discharge. Ex parte Timberlake, 160 Tex.Cr.R. 127, 267 S.W.2d 408; Ex parte Nash, 165 Tex.Cr.R. 87, 304 S.W.2d 121.

The Supreme Court of the United States has definitely settled the question in McNally v. Hill, 293 U.S. 131, 137, 55 S.Ct. 24, 27, 79 L.Ed. 238, wherein it says:

"There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law."

See also Lee v. Swope, 9 Cir., 225 F.2d 674, cert. denied, 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839.

The relief prayed for is denied.

Opinion approved by the Court.