Timothy A. O'CONNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 39496.

Court of Criminal Appeals of Texas.

April 13, 1966.

Richard W. Vaughan, Houston (Court Appointed on Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted under Art. 725b, Vernon's Ann.P.C., as a second offender, of the offense of unlawful possession of heroin and his punishment was assessed at confinement in the penitentiary for fourteen years.

Trial was before the court—a jury being waived—upon appellant's plea of guilty to the indictment.

At the trial, a prior alleged felony conviction of the appellant for violation of the Uniform Narcotic Drug Act was stipulated.

It was further agreed and stipulated between the parties that appellant waived the appearance, confrontation, and cross-examination of all witnesses in the case and that the state could offer and the court consider the sworn testimony given by Officer L. W. Moore at an examining trial and the testimony of Chemist-and-toxicologist Floyd E. McDonald "as reflected by a report made by him from a chemical analysis made on several items which were submitted to his laboratory on December 11, 1964." It was also stipulated "that the testimony as reflected by the examining trial and the report of Floyd E. McDonald is true and correct."

Pursuant to such stipulation, counsel for the state stated in open court that at the examining trial Officer Moore testified to

certain facts, which, in substance, were that on the date alleged in the indictment the officer observed appellant run out the back door of a house and when he "hit" a fence and stumbled he dropped a package described as a yellow paper napkin which contained "two spoons, one medical syringe and one eye dropper, with needles affixed." The package was picked up by Detective LaFont.

Counsel then stated that if Detective LaFont were present in court he would testify —among other things—that he turned the articles in the package over to Chemist Floyd E. McDonald.

Counsel further stated that if Chemist Floyd E. McDonald were present in court he would testify that he made an analysis of one syringe and needle and one eyedropper and needle and two spoons submitted to the laboratory by Officer LaFont —which examination revealed that the two spoons contained, respectively, 3.05 milligrams and 1.44 milligrams of heroin, that the eyedropper contained 4.58 milligrams of morphine and the syringe contained 0.54 milligrams of heroin, and that heroin is a narcotic drug.

It is insisted that the evidence presented by the state was not authorized by the stipulation entered into between the parties and was therefore insufficient to show appellant's guilt, as required by Art. 12, Vernon's Ann.C.C.P.

Specifically, appellant contends that the stipulation which permitted the state to offer and the court to consider the testimony given by Officer Moore at the examining trial and that of Chemist McDonald from his chemical analysis report did not authorize state's counsel to merely paraphrase Officer Moore's testimony and state what Chemist McDonald would testify, if present, at the trial. Appellant also points out that the stipulation did not refer to what the testimony of Officer LaFont would have been if he had been present in court to testify.

■ It is the rule that stipulations are reasonably and liberally construed with a view of effectuating the parties' intentions. 53 Tex.Jur.2d 327, Sec. 14.

■ The record shows that appellant, in person, agreed to waive "the appearance, confrontation and cross examination of all witnesses" in the case and stipulated that the state could offer testimony of the witnesses without their being present in court to testify.

No objection was made by appellant to the manner in which the state offered proof under the stipulation.

■ The evidence offered by the state, under the stipulation, was—contrary to appellant's contention—of probative value and sufficient to establish his guilt. Ex parte Nash, 165 Tex.Cr.R. 87, 304 S.W.2d 121; Hernandez v. State, Tex.Cr.App., 378 S.W. 2d 311.

The judgment is affirmed.

Opinion approved by the Court.