**Timothy A. O'CONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39498.**

Court of Criminal Appeals of Texas.

April 13, 1966.

———◆———

Richard W. Vaughan, Houston (Court Appointed on Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for felony theft; the punishment, ten years.

Trial was before the court, a jury being waived, upon appellant's plea of guilty to the indictment.

The indictment charged that appellant did take and steal cigarettes of the value of over fifty dollars from one S. L. Cooper, the owner.

The sufficiency of the evidence offered by the state to show appellant's guilt, as required by Art. 12, Vernon's Ann. C.C.P., is challenged.

At the trial it was agreed and stipulated by and between the state and appellant that the state could offer into evidence and the court consider the testimony of two witnesses, S. L. Cooper, Jr. and Tommy Matthews, given at an examining trial. It was also stipulated that the testimony was true and correct, and appellant expressly waived the presence of the witnesses in court and his right to cross-examine them.

Pursuant to such agreement and stipulation, counsel for the state in open court stated that S. L. Cooper, Jr., testified at the examining trial that he was manager of Dugan's Drug Store in the city of Houston; that on a certain date some cartons of cigarettes were removed from the store without his consent and permission; that the value of the cigarettes was in excess of $50; that the person who removed the cigarettes was pointed out to the witness and at the examining trial he identified such person as the appellant, Timothy A. O'Conner.

Counsel for the state further stated in open court that at the examining trial the witness Tommy Matthews testified that on the day in question he was in Dugan's store and saw the appellant put three or four cartons of cigarettes in his pocket and walk out and that he reported it to the manager.

We overrule appellant's contention that the narration by the prosecuting attorney lacked probative value because it was not authorized by the agreement entered into between the parties. See: O'Conner v. State of Texas, Tex.Cr.App., 401 S.W.2d 237, this day decided.

We also overrule appellant's contention that the stipulated testimony fails to show that appellant did steal cigarettes of over the value of $50 from S. L. Cooper, the owner, as charged in the indictment.

The judgment is affirmed.

Opinion approved by the Court.