# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00349-CR

**Glenn Tony Birdsong II, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 51,732, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Glenn Tony Birdsong II pleaded guilty to two charges of unauthorized use of a vehicle. *See* Tex. Pen. Code Ann. ' 31.07 (West 1994). Following a hearing, the district court assessed punishment at two years in state jail. *See id.* ' 12.35. Appellant challenges his sentence by one point of error, contending that the district court erred in allowing the State to call him to testify during the punishment phase of his trial. We will affirm the district court=s judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The State indicted appellant on two charges of unauthorized use of a vehicle. There were no injuries involved in the events giving rise to the indictments, although the unauthorized use of one of the vehicles resulted in approximately $19,000 in property damage. Appellant pleaded guilty to both charges but did not enter into a plea-bargain agreement with the State. Appellant

judicially confessed, waiving his right against self-incrimination with respect to his guilt.[1]  After the

district court accepted the guilty plea, the court scheduled a punishment hearing and ordered a

presentence investigation report (APSI@).

At the sentencing hearing, the following colloquy occurred:

> The Court:  All right.  Do you understand what=s going on here today?  You have
> been admonished about your situation before, right?
>
> The Defendant:  Thank you, sir.
>
> The Court:  All right, sir.  If you have a seat, I will read your presentence investigation
> report and see what it has to say about you, sir.
>
> The Defendant:  Thank you, sir.

(The PSI disclosed, *inter alia*, that appellant had served forty-five days in jail in North Carolina for

possession of stolen goods and had been dishonorably discharged from the United States Marine Corps

due to a conviction for larceny.)

> The Court:  All right.  (Indicating).  All right, ladies and gentlemen, I have read this
> report.  Do you have anything else you would like to present for the State, Mr.
> Gillette?

---

[1]  Appellant signed a AWaiver of Jury And Agreement To Stipulate Upon A Plea of Guilt,@ which stated, AI understand my right to remain silent and make no statement and I understand that any statement I make may be used as evidence against me.  Understanding these rights, I voluntarily give up and abandon my right to remain silent . . . .@

Mr. Gillette:  We would like to call the defendant, Judge.

The Court:  All right. Mr. Birdsong.

The Defendant:  Yes, sir.

The Court:  Come on up and have a seat.

(The Defendant was sworn.)

The Defendant:  I do, sir.

The Court:  Please have a seat.

The Defendant:  Thank you.

The State called appellant to the stand without objection and proceeded to question appellant regarding the charged offenses and his prior criminal history.  Appellant, again without objection, answered all the questions.  After the State rested, appellant=s counsel cross-examined appellant regarding his potential behavior and activities should he receive probation, including the importance and burden of paying restitution.

The State asked the court to Astack@ punishment for each charge and requested the maximum sentence (two years in state jail) for *each* conviction.  Appellant requested probation.  The district court assessed the maximum punishment for each conviction, but ordered the sentences to run concurrently.  Appellant=s punishment was thus a *total* of two years.  The court noted that appellant had been Astealing and stealing and stealing and stealing and stealing@ and warned him of the increased consequences should he steal again.

By his sole point of error, appellant argues that it was error for the State to call him to testify against himself at the punishment hearing.

**3**

# DISCUSSION

*Nature of the Error*

Appellant complains that the State=s calling him to testify against himself at his punishment hearing violated the Fifth Amendment to the United States Constitution,[2] and article I, section 10 of the Texas Constitution.[3] These provisions prohibit compelling a defendant to testify against himself in a criminal proceeding. *Brown v. State*, 617 S.W.2d 234, 236 (Tex. Crim. App. 1981); *see also Henderson v. State*, 13 S.W.3d 107, 109 (Tex. App.CTexarkana 2000, no pet.) (AWhile no Texas court has addressed this specific issue, it is clear that calling [the defendant] to the stand, during the State=s case in chief, is a violation of his right not to be compelled to testify against himself.@). The State does not dispute that it was error to call appellant to the stand, but argues that we may not address the error because it was not preserved at trial.[4]

---

[2] The Fifth Amendment provides that Ano person . . . shall be compelled in any criminal case to witness against himself.@ U.S. Const. amend. V.

[3] The Texas Constitution provides that a criminal defendant Ashall not be compelled to give evidence

*Preservation of Error*

against himself.@  Tex. Const. art. I, ' 10.

[4]  In its brief, the State asserts that A[h]ad the Appellant objected, the trial court would have sustained the objection given its fundamental nature.  The error could easily have been prevented by Appellant=s action.  The Appellant=s act of testifying without objection when represented by counsel indicates a waiver of the right.  The State also argues that if appellant had asserted his right not to testify, Ano doubt the trial court would have sustained it . . . .  While the alleged error is apparent on the face of the record, there is every reason to apply the rules of procedural default.  The Appellant did not preserve this matter for review.@

Appellant did not object to being called to the witness stand by the prosecutor, nor did he in any other way raise the issue to the district court. A general prerequisite to presenting a complaint on appeal is that the record must show the complaint was presented to the trial court and pursued to an adverse ruling. Tex. R. App. P. 33.1. Although appellant did not preserve his alleged error, Texas law also provides that a limited class of errors may be presented for the first time on appeal. *See Marin v. State*, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).[5]

*Marin* recognizes and refers to three categories of rights. AAbsolute rights@ are not optional, cannot be waived or forfeited by the defendant, and include such issues as jurisdiction and due

---

[5] We cite *Marin* in this manner because the court of criminal appeals does so. *See, e.g.*, *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). The issue in *Cain* was whether the trial court=s failure to admonish a defendant Aabout the deportation consequences to a noncitizen of a guilty plea when the record reflects that [the defendant] is in fact a United States citizen@ is subject to harmless-error analysis. *Cain v. State*, 947 S.W.2d 262, 263 (Tex. Crim. App. 1997). The court applied the test and held the trial court=s failure to admonish harmless. In so holding, the court observed: ATo the extent that *Marin*, *Morales* [*v. State*, 872 S.W.2d 753 (Tex. Crim. App. 1994)], *Whitten* [*v. State*, 587 S.W.2d 156 (Tex. Crim. App. 1979)], and any other decision conflicts with the present opinion, they are overruled.@ *Cain*, 947 S.W.2d at 264. *Cain* left *Marin*=s classification of rights undisturbed.

process.  *Id*. at 279-80.  AWaivable rights@ are those that may only be surrendered by affirmative, plain, free, and intelligent waiver.  A court has an independent duty to implement these rights unless expressly waived.  *Id*.  Finally, there are Aforfeitable rights,@ which must be requested by the defendant, and include most procedural and evidentiary issues and many constitutional rights.  *Id*. at 278-79.[6]

Rule 33.1=s requirement of preservation of error does not apply to rights falling within the first two categories.  *See Marin*, 851 S.W.2d at 279-80 (citing predecessor to Rule 33.1). Therefore, as appellant=s asserted error was not preserved, we may address his issue only if we first determine that the error falls within either the Aabsolute@ or Awaivable@ class of rights.

A defendant=s right not to testify may be waived only if the defendant=s waiver is knowing, intelligent, and voluntary.  *Brown*, 617 S.W.2d at 236.  The right may be waived when the defendant voluntarily takes the stand.  *Brumfield v. State,* 445 S.W.2d 732, 735 (Tex. Crim. App. 1969).  And the right may also be waived when the defendant pleads guilty or confesses to the crime for which he is charged so long as he is expressly warned that the admission waives his right to silence.  *See* Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a) (West 1979).

Until recently, a guilty plea could waive the right to silence for both guilt and punishment purposes.  *See Carroll v. State*, 975 S.W.2d 630, 632 (Tex. Crim. App. 1998) (*Carroll II*), *overruled by Carroll v. State*, 42 S.W.3d 129 (Tex. Crim. App. 2001) (*Carroll V).*  However, in 1999 the U.S. Supreme Court held that waiving the right to silence by entering a guilty plea does not waive the right at the

---

[6]  *See also Blue*, 41 S.W.3d at 136 (Keasler, J., concurring).

**8**

punishment phase of trial. *Mitchell v. United States*, 526 U.S. 314, 325 (1999); *see also Carroll V,* 42

S.W.3d at 132.

> The issue of whether the right to silence continued at sentencing after a waiver of that right during the guilt phase was unsettled at the time of appellant=s plea. Thus, appellant was explicitly warned about a waiver of the long-standing right to silence at the guilt phase, but was not given a similar specific warning regarding a right to silence at sentencing. Indeed, she was told by the trial court that she did not have such a right. After *Mitchell*, we cannot conclude that the facts presented here show that appellant knowingly, voluntarily, and intelligently waived her federal constitutional right against self-incrimination at sentencing.

*Carroll V* at 133.[7]

---

   [7] The five *Carroll* cases bracket the United States Supreme Court=s decision in *Mitchell v. United States*, 526 U.S. 314 (1999). After a non-negotiated plea of guilty, Carroll signed a document wherein she waived her right not to incriminate herself and agreed to be called as a witness. The trial court accepted her plea and, after receiving a presentence report, assessed punishment. Carroll appealed the punishment, alleging that the trial court erred by coercing her to testify at the sentencing hearing. The court of appeals reversed and remanded for a new sentencing hearing. *Carroll v. State*, 946 S.W.2d 879 (Tex. App.CFort Worth 1997) (*Carroll I*). The court of criminal appeals reversed the judgment of the court of

Although a defendant=s voluntarily taking the witness stand may waive his right to be free from self-incrimination, *Brumfield*, 445 S.W.2d at 735, here it was the *State* that called appellant as a witness at his punishment hearing. At the threshold, this would appear to be error: AThe proposition that a criminal defendant cannot be compelled to take the witness stand . . . and give evidence against himself is so well understood that it requires no citation of authority to support it.@ *Brown*, 617 S.W.2d at 236; *see also Henderson*, 13 S.W.3d at 110; 1 Charles Tilford McCormick, *McCormick on Evidence* 460 (John W. Strong, et al. eds., 5th ed. 1999) (AA criminal accused ordinarily need not affirmatively ›invoke= his privilege, as he is even entitled not to be called as a witness at all.@); 8 John Henry Wigmore, *Wigmore on Evidence* ' 2268 (McNaughton rev. 1961)

---

appeals and remanded the case to that court. *Carroll v. State*, 975 S.W.2d 630 (Tex. Crim. App. 1998) (*Carroll II*) (A[W]e hold that [Carroll=s] written waiver of her Fifth Amendment right not to self-incriminate applied to the entire criminal adjudication proceeding including the assessment of punishment.@). However, the Supreme Court soon held that a criminal defendant retains the Fifth Amendment right to remain silent at a sentencing proceeding, even after a plea of guilty. *Mitchell*, 526 U.S. at 325. Based on *Mitchell*, the court of appeals first reversed and remanded for a new sentencing proceeding, *Carroll v. State*, 999 S.W.2d 630 (Tex. App.CFort Worth 1999) (*Carroll III*), but later withdrew its opinion and affirmed Carroll=s sentence. *Carroll v. State*, 12 S.W.3d 92 (Tex. App.CFort Worth 1999) (*Carroll IV*). The court of criminal appeals reversed, holding that a separate waiver is required at a punishment hearing. *Carroll v. State*, 42 S.W.3d 129, 133 (Tex. Crim. App. 2001) (*Carroll V*).

(Observing that, arguably, prosecution could call accused to be sworn because Ait could not be known beforehand whether he would exercise his privilege. But no court has sanctioned this application of the principle. The contrary is universally held.@). The State admits its error, but argues that appellant waived his right to not testify. Indeed, we note that the right is waivable Aif done knowingly, voluntarily and intelligently.@ *Brown*, 617 S.W.2d at 236.

The salient issue is whether the record before us, when viewed in its entirety, satisfies this Court that appellant=s punishment-hearing testimony was given knowingly, voluntarily, and intelligently. We conclude that it does. At the time the State called appellant to testify, he was represented by counsel, who was present at the proceeding. Counsel neither objected to the State=s calling appellant as a witness nor to any question the State asked of appellant. Appellant answered each question openly, freely, and without hesitation. Appellant=s own counsel then cross-examined him extensively, eliciting testimony concerning appellant=s desire to receive a probated sentence, his willingness to write letters of apology to the victims of his crimes and to pay restitution to them, that there was no reason why appellant should continue to be incarcerated, and that appellant thought that he had employment waiting for him when he was released. In argument, appellant=s counsel informed the district court that appellant confirmed that the PSI was correct, that he was voluntarily paying child support without a court order for his child in North Carolina, that he could live with his father in Nolanville if released, and that the court should grant Adeferred prosecution.@ Appellant does not assert, nor does the record contain any evidence, that either the cross-examination or argument of appellant=s counsel was compelled by the State=s action in calling appellant as a witness. *See Leday v. State*, 983 S.W.2d 713, 718-19 (Tex. Crim. App. 1998) (holding that defendant=s

**11**

testimony which is Aimpelled by State=s introduction of evidence that was obtained in violation of law@ does not constitute waiver of prior objection). The State was seeking consecutive two-year sentences. There was no plea-bargain agreement with the State. This record clearly reflects a punishment-hearing strategy of seeking the district court=s leniency. In the face of the PSI, appellant had no choice but to testify on his own behalf. The district court in fact assessed punishment time to be served at half that requested by the State. By our decision, we do not condone the State=s *calling* appellant to testify but hold, given the totality of the circumstances presented by the record, that appellant was not *compelled* to testify, but did so voluntarily, thereby waiving his right to not testify.

## CONCLUSION

It was error for the State to call appellant as a witness at his punishment hearing. Although appellant did not preserve his complaint to the State=s action in the district court, he was not required to do so, because the right not to testify is a waivable right. Appellant knowingly, intelligently, and voluntarily waived this right. Accordingly, we affirm the district court=s judgment.


Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: May 9, 2002

**12**

Publish