In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-535 CV


____________________



IN RE THE COMMITMENT OF JOSE MORALES






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 01-02-01008-CV






O P I N I O N


 The State of Texas filed a petition to civilly commit Jose Morales as a sexually
violent predator under the Sexually Violent Predator Act ("Act"). See Tex. Health &
Safety Code Ann. §§ 841.001-841.147 (Vernon Supp. 2003). A jury found Morales to be
a repeat sexually violent predator who suffers from a behavior abnormality making him
likely to engage in a predatory act of sexual violence. The trial court entered a final
judgment and order of civil commitment under the Act. Id.

 Bringing five issues, Morales appeals. In issues one, two, three, and four, Morales
challenges the constitutionality of the Act on various grounds and in issue five, he
contends jury misconduct occurred during his trial. 

 In issue one, Morales maintains the Act is unconstitutional because it is punitive and
violates basic constitutional safeguards applicable to criminal proceedings. However, we
recently have considered and rejected this argument. See Beasley v. Molett, No. 09-01-078 CV, 2002 WL 31835031 at *12 (Tex. App.--Beaumont December 19, 2002, no pet.
h.)(citing Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed. 2d 501 (1997));
see In re Mullens, No. 09-01-534 CV, 2002 WL 31835068 at *1 (Tex. App.--Beaumont
December19, 2002, no pet .h.). Issue one is overruled.

 In issue two, Morales complains the state did not satisfy due process requirements
by failing to prove that he has a serious difficulty in controlling his behavior. Morales
does not contend he preserved this issue pursuant to Rule 33.1. See Tex. R. App. P. 33.1. 
Instead, relying on Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856
(2002) and Birdsong v. State, 82 S.W.3d 538 (Tex. App.--Austin 2002, no pet.), Morales
maintains that it may be asserted for the first time on appeal.

 In Crane, the Supreme Court declared that due process requires "proof of serious
difficulty in controlling behavior" before a person can be civilly committed as a sexually
violent predator. Crane, 534 U.S. at 413. The proof of "inability to control behavior"
must be sufficient to distinguish the dangerous sexual offender whose serious mental
illness, abnormality, or disorder subjects the person to civil commitment from the
dangerous but typical recidivist convicted in a criminal case. Id.

 In Birdsong, the Austin Court of Appeals explained that Rule 33.1's error
preservation requirement does not apply to two categories of rights: (1) "absolute rights,"
which cannot be waived or forfeited and which include such issues as jurisdiction and due
process, and (2) " waivable rights," which may only be surrendered by affirmative, plain,
free, and intelligent waiver. 82 S.W.3d at 542. (1) (The issue in Birdsong was whether the
appellant's punishment-hearing testimony was given knowingly, voluntarily, and
intelligently, and the court concluded that it was. Birdsong, 82 S.W.3d at 543-44.)

 Assuming without deciding, that Birdsong and Crane allow Morales to raise his
issue two argument, we disagree that the state failed to prove he has a serious difficulty
in controlling his behavior.

 Dr. Billy Burleson , a clinical psychologist, testified about the correlation between
excessive drug use and lack of impulse control. Burleson stated that Morales's record
showed he was "heavily into drugs," which was significant because such behavior shows
a lack of responsibility for social norms. Further, Burleson testified that a connection
existed between drug abuse and lack of impulse control in regard to sex offenders; drug
usage lowers one's inhibitions and, thus, leads to lack of self-control. Burleson also stated
that one who consumes drugs has less ability to conform to what society expects, and that
he saw evidence of that in Morales's records. Burleson further found Morales's criminal
record significant in that he had two sexual offenses, the second occurring while he was
on probation for the first; both offenses involved force. Burleson concluded that Morales
did not have any regard for the safety of his victims. In Burleson's opinion, Morales was
likely to commit another offense if not closely supervised. 

 Bo Bertling, a licensed professional counselor who performs evaluations in the Sex
Offender Treatment Program, testified regarding Morales's likelihood to reoffend. 
According to Bertling, Morales's scores on the "Static 99," a psychological test, showed
he is in the "high-level-risk-to-reoffend" category. On another test, the Minnesota Sex
Offender Screening Tool-Revised ("MSOST-R"), Bertling testified Morales's scores
indicated that he had an eighty-eight percent chance of reoffending. 

 The Act requires the State to prove beyond a reasonable doubt that a person is a
sexually violent predator. See Tex. Health & Safety Code Ann. § 841.062 (Vernon
Supp. 2003). Because the statute places upon the State the burden of proof employed in
criminal law, we previously had adopted the appellate standard of review in criminal cases
for legal sufficiency of the evidence. See In re Mullens, 2002 WL 31835068 at *2 (citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In a
legal sufficiency review, this court reviews all of the evidence in a light most favorable to
the verdict. Id. Here, we determine if a rational factfinder could have found, beyond a
reasonable doubt, that Morales has serious difficulty in controlling his behavior.

 The jury is allowed to draw reasonable inferences from basic facts to ultimate facts. 
See Clark v. State, 47 S.W.3d 211, 214 n.3 (Tex. App.--Beaumont 2002, no pet.). 
Morales committed a second sexual offense while on probation for the first, thus
demonstrating his lack of control. The State also established a correlation between drug
use and impulsivity, and presented evidence of Morales's heavy drug use. Viewing the
evidence in the light most favorable to the verdict, we find that a rational jury could have
found beyond a reasonable doubt that Morales has serious difficulty controlling his
behavior. Issue two is overruled.

 In issue three, Morales argues that certain portions of the statute and the final
judgment and order of commitment entered thereunder are unconstitutionally vague.
Morales complains specifically of section 841.082(a), subsections (1),(4),(5) and (9) of the
Act. Tex. Health & Safety Code Ann. § 841.082(a) (1),(4),(5),(9) (Vernon Supp. 
2003). Again, we recently have considered and rejected this argument. See Beasley, 2002
WL 31835031 at *13,14; see Mullens, 2002 WL 31835068 at *5. (2) Issue three is
overruled.

 In issue four, Morales maintains his fifth amendment privilege against self-incrimination was violated when the court ordered appellant to submit to polygraph
examinations as a condition of civil commitment. However, Morales failed to preserve
this constitutional complaint for appellate review as required by Rule 33.1. See Tex. R.
App. P. 33.1. "As a rule, a claim, including a constitutional claim, must have been
asserted in the trial court in order to be raised on appeal." Dreyer v. Greene, 871 S.W.2d
697, 698 (Tex. 1993). As Morales did not assert this claim before the trial court, we need
not consider it. Issue four is overruled.

 In issue five, Morales contends jury misconduct occurred when a juror slept during
the testimony of Morales's only expert witness, Dr. Windel Dickerson, who testified that
Morales did not have a behavioral abnormality. This issue was the sole contention in
Morales's motion for new trial. At the hearing, defense counsel's legal assistant was the
only witness. On direct examination, she testified that a juror slept for approximately
thirty five minutes during Dickerson's testimony. On cross examination, however, the
witness conceded that it was possible the juror had been listening but just had her eyes
closed, and the witness also conceded she did not know whether the juror had been asleep
or was just resting her eyes. The witness agreed that only the juror knew whether the
misconduct actually occurred. 

 Morales had the burden to establish conclusively that jury misconduct occurred. 
See Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 372 (Tex. 2000). Whether
jury misconduct has occurred is a question of fact for the trial court. Pharo v. Chambers
County, Tex., 922 S.W.2d 945, 948 (Tex. 1996). Where there is conflicting evidence on
this issue, we uphold the trial court's finding. Id. Here, Morales did not conclusively
establish that jury misconduct occurred. Issue five is overruled.

 The judgment and order of the trial court are AFFIRMED.


 PER CURIAM


Submitted on January 7, 2003

Opinion Delivered January 23, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. However, Rule 33.1 does apply to a third category of rights -- "forfeitable rights,"
which a defendant must request and which include most procedural and evidentiary issues
and many constitutional rights. See Birdsong, 82 S.W.3d at 542. 
2. In both Beasley and Mullins, I dissented, noting that I would find section 
841.082(a)(9) to be void for vagueness. See Beasley, 2002 WL 31835031 at *20; see
Mullens, 2002 WL 31835068 at *6. In ordering outpatient civil commitment, the trial
judge, under subsection (9), may impose "any other requirements determined necessary
by the judge." See Tex. Health & Safety Code Ann. § 841.082(a)(9) (Vernon Supp. 
2003).