In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-099 CR


____________________



ALBERT WAGNER, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CR-24072






MEMORANDUM OPINION (1)


 Albert Wagner, Jr., entered an open plea of guilty to aggravated robbery. See Tex.
Pen. Code Ann. § 29.03(a)(2) (Vernon 2003). The trial court convicted Wagner and
imposed a fifteen year sentence of incarceration. The sole point of error raised on appeal
contends a new hearing on punishment is required due to a violation of Wagner's right to
remain silent at punishment. We find a valid waiver of Wagner's Fifth Amendment rights,
and affirm the judgment.

 Wagner appeared in open court on January 20, 2004. The written plea
admonishments, stipulations, and waivers signed by Wagner on that day included the
following, set in bold type: "I give up my right to remain silent, both at the guilt-innocence
and punishment phases of my trial." The trial court admitted the waivers and stipulations
into evidence and accepted Wagner's guilty plea. After preparation of a pre-sentence
investigation report, the appellant again appeared before the trial court. The prosecutor
stated, "I would like to call Albert Wagner, Jr., to the stand." Defense counsel replied,
"I have no objection to that." The prosecutor mentioned the waiver from the earlier
hearing. 

 A defendant who pleads guilty retains the right to remain silent during sentencing. 
Mitchell v. U.S., 526 U.S. 314, 321, 119 S.Ct. 1307, 1311, 143 L.Ed.2d 424, 433 (1999). 
A defendant's rights fall into one of three categories: (1) absolute requirements and
prohibitions; (2) rights which must be implemented unless expressly waived; and (3) rights
implemented only upon request. Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App.
1993). On appeal, Wagner concedes the Fifth Amendment right to remain silent is a
Marin category two right subject to waiver, but contends the trial court failed to admonish
Wagner that he had a right to remain silent. To the contrary, the written admonishments,
waivers, and stipulations expressly refer to the right to remain silent at punishment, and
expressly waive the right. In contrast to the general waivers present in Carroll v.
State, the waiver signed in this case expressly extended to the punishment phase. See
Carroll v. State, 42 S.W.3d 129, 132-33 (Tex. Crim. App. 2001). In the punishment
hearing, the trial court was not required to re-advise Wagner of his right not to testify
during punishment, because in the plea proceeding Wagner had already expressly waived
the right to remain silent during punishment. The participants' behavior in the subsequent
hearing, including defense counsel's express declination of objection, the appellant's lack
of hesitation during his testimony, and defense counsel's extensive cross-examination about
the robbery all support a conclusion that the waiver was knowing and voluntary. See
Birdsong v. State, 82 S.W.3d 538, 544 (Tex. App.--Austin 2002, no pet.). We overrule
the sole point of error and affirm the judgment.

 AFFIRMED. 



 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on March 24, 2005

Opinion Delivered March 30, 2005

Do Not Publish 


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Tex. R. App. P. 47.4.