# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00068-CR

**Jardis Romel Rushin, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 58,652, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Jardis Romel Rushin pleaded guilty and was convicted of the offense of burglary of a habitation. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). He was sentenced to 12 years' confinement. In two issues on appeal, Rushin asserts that the district court erred in: (1) allowing the State to call him to testify following the district court's acceptance of his guilty plea; and (2) ordering him to pay court costs, attorney's fees, fines, and restitution as a condition of parole. We will reform the district court's judgment to delete any imposition of parole conditions other than restitution and, as reformed, affirm.

### BACKGROUND

On the morning of September 15, 2005, Rushin and Travell Dalisia Harvey were apprehended by Killeen police in connection with the burglary of Yvonne Basnight's residence. A

neighbor reported to police that he had witnessed a pair of men jump the fence around the back yard of Basnight's residence, flee the residence a short time later, and hide in a nearby drainage ditch. Police found Rushin and Harvey hiding in the ditch as indicated, and their clothing matched the description given by the witness. Police discovered that the back door of Basnight's residence had been kicked in and contents of the house had been disturbed.

Rushin initially reached a plea agreement with the State specifying that in exchange for receiving probation, Rushin would testify truthfully against Harvey. However, on November 14, Rushin filed a *pro se* handwritten "True Statement of Facts" claiming that he committed the crime alone and that Harvey did not participate. The plea agreement was revoked.

On January 9, 2006, Rushin signed a document entitled "Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty to Information," in which he explicitly waived various rights including indictment, jury trial, confrontation, and his right to remain silent. The district court approved these waivers. Rushin also signed a Judicial Confession in which he stated, "Understanding my right against self-incrimination, I intelligently and voluntarily waive my right to remain silent," and admitted committing the offense charged in the indictment. Rushin signed both of these documents while being represented by his appointed counsel, Jon McDurmitt, with counsel's approval. Pursuant to article 26.13 of the code of criminal procedure, the district court admonished Rushin of his rights and inquired into the voluntariness of his plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2005). After the district court accepted the plea, Rushin's confession was admitted into evidence.

Immediately after the confession was admitted, and prior to any finding of guilt by the district court, the State called Rushin to testify. Rushin testified without objection from his

attorney. The State proceeded to question Rushin about his prior statements concerning Harvey. Rushin steadfastly denied that Harvey had anything to do with the crime. The State aggressively examined Rushin, accused him of lying, threatened to charge him with perjury, and warned him that the State would recommend that the judge sentence him to "20 years in the penitentiary" if Rushin did not tell the truth. Rushin maintained throughout his testimony that he was "telling the truth."

Rushin's counsel proceeded to cross-examine him. Rushin testified that he did not want probation, but wanted the district court to sentence him to a two-year prison term. When asked on redirect examination why he wanted to go to prison, Rushin testified, "Because maybe if I go and maybe it will do me some good." Upon further inquiry by the district court, Rushin testified that "being on probation is just like being in [court] . . . . You got one foot in jail, one foot out there. So that's why I'd rather have my time."

In its closing argument, the State urged that Rushin was "obstructing justice because he's protecting one of the people involved" and asked the district court to "seriously entertain" the State's recommendation of 20 years' confinement. The district court found Rushin guilty, and sentenced him to 12 years' confinement. In addition, the district court ordered that, as a "condition" of parole, Rushin pay court costs, attorney's fees, restitution in the amount of $628.56, and a fine in the amount of $1000.00. This appeal followed.

## DISCUSSION

### Self-incrimination

In his first issue, Rushin asserts that his Fifth Amendment right against self-incrimination was violated when the district court allowed the State to call him as a witness. The

3

Fifth Amendment prevents a person from being compelled in a criminal case to testify against himself. U.S. Const. amend. V. A defendant retains this right even after pleading guilty to an offense and retains it until the sentence has been fixed and the judgment of conviction has become final. *See Mitchell v. United States*, 526 U.S. 314, 325 (1999); *Carroll v. State*, 42 S.W.3d 129, 132 (Tex. Crim. App. 2001). However, this constitutional right may be waived if done so knowingly, voluntarily, and intelligently. *Bryan v. State*, 837 S.W.2d 637, 643 (Tex. Crim. App. 1992); *Brown v. State*, 617 S.W.2d 234, 236 (Tex. Crim. App. 1981); *Birdsong v. State*, 82 S.W.3d 538, 544 (Tex. App.—Austin 2002, no pet.).

Rushin did not object to being called to the witness stand by the prosecutor, nor did he in any other way raise the issue to the district court. A general prerequisite to presenting a complaint on appeal is that the record must show the complaint was presented to the trial court, and that the trial court made an adverse ruling. *See* Tex. R. App. P. 33.1. Although Rushin did not preserve error, Texas law provides that a limited class of errors in criminal cases may be presented for the first time on appeal. *See Marin v. State*, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The *Marin* court identified three categories of rights: (1) absolute requirements and prohibitions; (2) rights which must be implemented by the system unless expressly waived; and (3) rights which are implemented only upon request. *Id*. at 279. Absolute requirements and prohibitions, as well as rights which must be implemented unless waived, cannot be made subject to procedural default on appeal because, by definition, they are not forfeitable. *Id*. The right against self-incrimination falls

4

under the second category and, therefore, may be addressed for the first time on appeal. *See Birdsong*, 82 S.W.3d at 544.

This Court has held—and the State agrees—that it is error for the State to call the defendant to testify. *See Birdsong*, 82 S.W.3d at 543-44; *see also Brumfield v. State,* 445 S.W.2d 732, 735 (Tex. Crim. App. 1969) ("The proposition that a criminal defendant cannot be compelled to take the stand and give evidence against himself is so well understood that it requires no citation of authority to support it."); *Henderson v. State*, 13 S.W.3d 107, 110 (Tex. App.—Texarkana 2000, no pet.) ("While no Texas court has addressed this specific issue, it is clear that calling [the defendant] to the stand, during the State's case in chief, is a violation of his right not to be compelled to testify against himself."). However, this Court has also held that such error does not require reversal if the defendant knowingly, intelligently, and voluntarily waives his right against self-incrimination. *Birdsong*, 82 S.W.3d at 544. Therefore, the question we must answer is "whether the record before us, when viewed in its entirety, satisfies this Court that appellant's . . . testimony was given knowingly, voluntarily, and intelligently." *Id*. We conclude that it does.

Before Rushin was called by the State to testify, the district court admonished him on two occasions that he had a constitutional right to remain silent. When asked the first time if he wanted to "waive and give up" that right, Rushin replied, "Yes, ma'am." When asked the second time if he understood that right, Rushin again replied, "Yes, ma'am." The district court also asked Rushin if he could "read, write, and understand the English language." Rushin replied, "Yes, ma'am." The district court additionally asked Rushin's counsel if he agreed with Rushin's waivers. Counsel replied, "I do, Your Honor." On cross-examination, when Rushin's counsel asked him if

5

counsel had explained his rights to him and if counsel had answered all of his questions, Rushin replied, "Yes, sir." Additionally, prior to trial Rushin signed two documents that expressly waived his right to remain silent—the Judicial Confession and the document entitled "Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty to Information." Rushin signed both of these documents while represented by counsel. Although these documents may not *alone* suffice to waive Rushin's right against self-incrimination with respect to both guilt and punishment, *see Carroll*, 42 S.W.3d at 132, in combination with the other facts we have identified, the documents demonstrate that Rushin knowingly, voluntarily, and intelligently waived this right. We overrule his first issue.

**Parole "condition"**

In his second issue, Rushin asserts that the district court erred in ordering him to pay court costs, attorney's fees, fines, and restitution as a "condition" of parole.

The authority to place conditions on a defendant's parole is solely within the purview of the executive branch; here, the Board of Pardons and Parole. *See* Tex. Gov't Code Ann. § 508.221 (West 2004); *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st. Dist.] 1999, pet. ref'd, untimely filed). As a general rule, a trial court has no authority to order a condition of parole. *Bray v. State,* 179 S.W.3d 725, 728 (Tex. App.—Fort Worth 2005, no pet.). However, a trial court does have the authority to order restitution as a condition of parole. *See* Tex. Code Crim. Proc. Ann. art. 42.037(h) (West Supp. 2005); *see also Campbell v. State,* 5 S.W.3d 693, 696 n.6 (Tex. Crim. App. 1999) ("[u]nder present law, the Board of Pardons and Paroles is required by statute to impose as a condition of parole the amount of restitution that the trial court orders"). Here, as a "condition" of Rushin's parole, the district court "ordered" Rushin to pay court costs, attorney's

fees, and restitution in the amount of $628.56 and "imposed" a $1000.00 fine. With the exception of restitution, it was error for the district court to purport to order a "condition" of Rushin's parole. However, the district court may *recommend* that the Board of Pardons and Parole order Rushin to pay amounts the district court has found, and this is likely what the district court intended to do. Our appropriate remedy is to reform the judgment to reflect that the district court *recommends* that the Board of Pardons and Parole order Rushin to pay the amount the district court has established. *See Vargas v. State*, 830 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). We sustain Rushin's second issue.

## CONCLUSION

Having overruled Rushin's first issue and sustained his second issue, we reform the judgment of the district court to reflect that the court made "recommendations" concerning parole rather than imposing "conditions." As reformed, we affirm the judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson, and Pemberton

Reformed and, as Reformed, Affirmed

Filed:   July 28, 2006

Do Not Publish

7