ACCEPTED
01-15-00166-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 3:41:47 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00166-CR

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/3/2015 3:41:47 PM

CHRISTOPHER A. PRINE
Clerk

NIARE LYTE,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee

REPLY BRIEF FOR THE APPELLANT

D. Craig Hughes
TBN: 10211025
7322 Southwest Freeway, Suite 1100
Houston, Texas 77074
Phone: (713) 535-0683
Fax: (713) 981-3805
Email: dcraighughes@msn.com

J. Kyle Verret
TBN: 24042932
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: (281)764-7071
Phone: (281)764-7071
Email: kyle@verretlaw.com

ATTORNEYS FOR APPELLANT

FILED ON THIS DECEMBER 3, 2015
ORAL ARGUMENT REQUESTED

No. 01-15-00166-CR

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS


NIARE LYTE,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee


REPLY BRIEF FOR THE APPELLANT


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Niare Lyte, the Defendant in Cause No. 69744, in the 23rd Judicial District Court

of Brazoria County, Texas, respectfully submits this brief, and would respectfully

show the Court the following:

# <u>TABLE OF CONTENTS</u>

Parties to the Case……………………………………………………..…………4

List of Authorities…………………………………………………………….6

Appellant's Reply to the Appellee's Brief on Appellant's Second Point of Error…7

Conclusion and Prayer……………….…………………………………………13

Certificate of Service………………………………………………………...14

Certificate of Word Count…………………………………………………14

## PARTIES TO THE CASE

APPELLANT:             NIARE LYTE

Attorneys for Appellant at Trial:

        Name:        Jimmy Phillips
        SBOT:        #15953000
        Address:     P.O. Box 29
                      Angleton, Texas 77516-0029
        Phone:      (979) 849-8511

        Name:        Shannon Tigner
        SBOT:        #00794740
        Address:     221 N. Velasco St.
                      Angleton, Texas 77515
        Phone:      (979) 848-0500

Attorneys for Appellant on Appeal:

        Name:        D. Craig Hughes
        SBOT:        #10211025
        Address:     7322 Southwest Freeway, Suite 1100
                      Houston, Texas 77074
        Phone:      (713) 535-0683
        Fax:         (713) 981-3805
        Email:      dcraighughes@msn.com

        Name:        J. Kyle Verret
        SBOT:        #24042932
        Address:     11200 Broadway, Suite 2743
                      Pearland, Texas 77584
        Phone:      (281) 764-7071
        Fax:         (281) 764-7071
        Email:      kyle@verretlaw.com

APPELLEE:               THE STATE OF TEXAS

Attorneys for the State at Trial:

      Name:     Kurt Sistrunk
      SBOT:    #18444950
      Name:     Clay Caldwell
      SBOT:    #24045599
      Address:  Brazoria County District Attorney's Office
                  111 E. Locust Street, Suite 408A
                  Angleton, Texas 77515
      Phone:   (979) 864-1230

Attorneys for the State on Appeal:

      Name:     Jeri Yenne
      SBOT:    #04240950
      Name:     Trey Picard
      SBOT:    #24027742
      Address:  Brazoria County District Attorney's Office
                  111 E. Locust Street
                  Angleton, Texas 77515
      Phone:   (979) 864-1230
      Email:    treyp@brazoria-county.com

# LIST OF AUTHORITIES

**Constitutional Provisions**

U.S. CONST. AMEND. V……………………………………..………....11,12

TEXAS CONST. ART. I, § 10……………………………………………12

**Statutes**

Tex. Code Crim. Proc. Ann. Art. 1.15 (LexisAdvance current through 2013 3d C.S)…………………………………………………………………..10

**Rules**

Tex. R. App. Proc. 44.2(a).

**Appellate Court Decisions**

*Angel v. State*, 627 S.W.2d 424, 426 (Tex. Crim. App. 1982)…………………… 11

*Birdsong v. State*, 82 S.W.3d 538, 541 (Tex. App. Austin 2002, no pet.)………… 11

*Bustamante v. State*, 48 S.W. 3d 761, 765 (Tex. Crim. App. 2001)………….………8

*Carrasco v. State*, 154 S.W.3d 127 (Tex. Crim. App. 2005)……………………...10

*Gamboa v. State*, 296 S.W.3d 574, 584 (Tex. Crim. App. 2009)………………... 11

*Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995)…………………………..11.

*O'Conner v. State*, 401 S.W.2d 237, 238 (Tex. Crim. App. 1966)………………...10

*Tamez v. State*, 11 S.W.3d 198, 202-203 (Tex. Crim. App. 2000)………………...10

*United States v. Bohuchot*, 625 F.3d 892, 901 (5th Cir. 2010)………………….7,12

### Appellant's First Point of Error

Appellant's original brief adequately address point of error one and provides no further briefing on that point in response to Appellee's brief.

### Appellant's Reply to the Appellee's Brief on

### Appellant's Second Point of Error

Appellee contends that it is not violative of a defendant's constitutional rights against self-incrimination when a prosecutor, in open court and in the presence of the jury, requests a stipulation that the person on trial, and convicted of the crime, has committed the crime.

At issue in Appellant's Second Point of Error is one statement by the prosecutor: "Judge, We'll stipulate that all these people will come in and say she's very motherly and a good person and never would have seen this coming if they'll stipulate that she did it." (12 R.R. at 132). The test for whether a prosecutor's comment on the defendant's silence is constitutionally impermissible is "(1) whether the prosecutor's manifest intent was to comment on the defendant's silence or (2) whether the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *United States v. Bohuchot*, 625 F.3d 892, 901 (5th Cir. 2010). If there is "some other, equally plausible explanation for the remark", the reviewing court should find that the prosecutor's intent is not manifest. *Id*.

This Court should consider the comment from "the jury's standpoint." *Bustamante v. State*, 48 S.W. 3d 761, 765 (Tex. Crim. App. 2001). In conducting its analyses, this Court should analyze the context in which the statement was made. *Bustamante,* 48 S.W.3d at 765.

The prosecutor's explanation of the comment, made both at trial and on appeal, was that it was a request that witnesses "stipulate that they were aware of the jury's verdict that the jury found her guilty and that she, in fact, did it." (12 R.R. at 137; Appellee's Brief at 15). Viewing the comment in the context in which it was made, from the standpoint of the jury, the prosecutor's offered explanation for the comment is not plausible.

The prosecutor's explanation that he was asking for the defense's punishment witnesses to "stipulate that they were aware of the jury's verdict… and that she, in fact, did it" does not comport with the context surrounding the statement in the record. The prosecutor did not request that any specific defense witness stipulate that Appellant murdered Jasmine Miller (hereinafter "Miller"). The prosecutor made his request for a stipulation between the testimonies of two witnesses. (12 R.R. at 132). At the time the request for a stipulation was made, there was not a witness testifying to stipulate that the Appellant "did it." (12 R.R. at 132).

The attorneys for the State did ask the defense's witnesses on cross-

examination whether they knew that the jury had convicted Appellant and whether they accepted the verdict. (12 R.R. at 64, 83-84, 96, 125). The question of whether the witnesses agreed with the verdict was answered in various ways from "I don't agree too much with it", to "That's the verdict. Sure." (12 R.R. at 125, 96). The prosecution asked witnesses if they believed Appellant committed murder. (12 R.R. at 127). But, the prosecutor never asked any witness to admit that Appellant committed murder or to stipulate to that fact. It would not have made sense for the State to ask the witnesses for such a stipulation because none of the punishment witnesses had personal knowledge of the matter. Not one of the defense witnesses testified to being present at the Saint Andrews Apartments to witness the interaction between Appellant and Miller on the day of Miller's death. Other than Appellant's father, none of the defense witnesses testified that Appellant made inculpatory statements regarding the murder. Without personal knowledge, none of the defense witnesses would be able to competently stipulate that Appellant murdered Jasmine Miller. The prosecutor's request for a stipulation could not have been directed at the witnesses, as none of the witnesses have sufficient knowledge of the alleged murder to stipulate that Appellant was guilty.

The prosecutor's choice of words is telling of what he meant when he requested the stipulation of Appellant's guilt. He offered a reciprocal stipulation: the State would agree to the mitigating testimony being offered if "they" would

9

stipulate to guilt.  (12 R.R. at 132).  The use of the word "stipulate" highlights the direction of the prosecutor's comment at the Appellant and her counsel, not to the witnesses.  The law allows for parties to enter into stipulations regarding evidence, but makes no provision for a witness to stipulate to facts.  A defendant in a criminal case may enter into a variety of stipulations and courts should construe such stipulations "reasonably and liberally with a view of effectuating the parties' intentions."  *O'Conner v. State*, 401 S.W.2d 237, 238 (Tex. Crim. App. 1966).  For example, a criminal defendant may stipulate to evidence supporting a plea[1], to the admission of jurisdictional priors[2], to facts or the admission of evidence at trial[3]. Nothing in the law provides for a non-party witness to stipulate to a fact.  Parties enter into stipulations, not witnesses.

In their brief, Appellee failed to address the trial judge's comment that he believed the statement, and the prosecutor's use of the word "they", was directed at the Appellant and her counsel.  The trial judge stated "My interpretation of 'they' would be the Defense counsel and the Defendant."  (12 R.R. at 135-136).  The trial judge, being present in the courtroom, has a perspective that written words of the record are unable to deliver.  The trial judge was present to witness the tone of the

---

[1] Tex. Code Crim. Proc. Ann. Art. 1.15 (LexisAdvance current through 2013 3d C.S).

[2] *Tamez v. State*, 11 S.W.3d 198, 202-203 (Tex. Crim. App. 2000).

[3] Carrasco v. State, 154 S.W.3d 127 (Tex. Crim. App. 2005)

10

statement in question. This Court should give defer to the factual determination of the trial court, as the trial judge is better suited to determine how the statement was delivered and what effect it could have had on the jury. *See Gamboa v. State*, 296 S.W.3d 574, 584 (Tex. Crim. App. 2009)("An appellate court should defer to the trial court's findings of facts regarding the credibility and demeanor of the witnesses); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995)(a reviewing court should defer to trial court's determination of witness credibility).

The prosecutor's statement in this matter is best analogized to the State calling a criminal defendant to testify at trial, which is clearly a violation of the Fifth Amendment. *Birdsong v. State*, 82 S.W.3d 538, 541 (Tex. App. Austin 2002, no pet.) While not as egregious as calling the defendant as a witness, the prosecutor's comment came close. It was a direct request for a stipulation of guilt, a stipulation that can come only from the Appellant. *See Angel v. State*, 627 S.W.2d 424, 426 (Tex. Crim. App. 1982).

The prosecutor's comment was not a request for a factual stipulation directed at witnesses. It was not a serious request for a stipulation from the Appellant. It was a comment made to contrast the mitigating evidence being presented by the defense against the absence of Appellant's testimony. It pointed to the absence of an admission of guilt, something only the Appellant could provide. The prosecutor's stated explanation, made after the Appellant's objection,

was not plausible. From a plain reading of the record, it is a request made in front of the jury that the defendant in this criminal trial stipulate to her guilt. Supportive of Appellant's position that the statement was directed at Appellant was the trial court's statement that he believed "they" referred to Appellant and her counsel. (12 R.R. at 135-136). The statement met both tests under *Bohuchot*. It was clearly "the prosecutor's manifest intent was to comment on the defendant's silence" and "the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *Bohuchot*, 625 F.3d at 901. The statement was clearly violative of the Fifth Amendment to the United States Constitution and Article I, § 10 of the Texas Constitution.

## II. The Error Was Not Harmless

Appellee claims that the statement was harmless and that any possible harm was cured by the trial court's instruction. There is no instruction that would have removed the sting of the prosecution's request for Appellant to admit to committing the offense, made in front of the jury, and done to contrast Appellant's mitigating evidence against her silence.

As the error is of a constitutional nature, reversal is required unless this Court finds that it was harmless. Tex. R. App. Proc. 44.2(a). The prosecutor's statement was not harmless and not curable by an instruction. Even if the statement could have been cured by an instruction, the instruction given by the trial

12

court in this case was insufficient to remedy the harm.

## <u>CONCLUSION AND PRAYER</u>

Appellant prays that this Court find that the trial court abused its discretion by overruling her objections to the admission of evidence relating to Appellant's statements to the police that she had been accused of threating to kill Miller. Appellant prays that this Court reverse and remand this cause for a new trial.

In the alternative, Appellant prays that this Court find that the prosecutor's request for a stipulation that Appellant was guilty of the charged offense, made in front of the jury during punishment, violated Appellant's constitutional rights against self-incrimination. Appellant prays that this Court find that Appellant was harmed by the prosecutor's request. Appellant prays that this Court reverse Appellant's sentence and remand this matter to the trial court for a new trial on punishment.

Respectfully submitted,

/s/ D. Craig Hughes
D. Craig Hughes
SBOT: #10211025
7322 Southwest Freeway, Suite 1100
Houston, Texas 77074
Phone: (713) 535-0683
Fax: (713) 981-3805
Email: dcraighughes@msn.com


/s/ Joseph Kyle Verret
Joseph Kyle Verret

THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
SBOT: #240429432
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: (281)764-7071
Fax: (281)764-7071
Email: kyle@verretlaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief for Appellant was served on the Counsel for the Appellee, Trey Picard, at the Criminal District Attorney's Office of Brazoria County, Texas, by service through electronic filing on this 3rd day of December, 2015.

/s/Joseph Kyle Verret
Joseph Kyle Verret
SBOT: #2402932

## CERTIFICATE OF WORD COUNT

I do hereby certify that the total word count for this document is 1,617, excluding those parts specifically excluded in Texas Rule of Appellate Procedure 9.4(i)(1), which is less than 7,500 words allowed per Texas Rule of Appellate Procedure 9.4.

/s/Joseph Kyle Verret
Joseph Kyle Verret
SBOT: #24042932